## FRITZ v. CITY OF WATERTOWN.

An objection to the introduction of any evidence cannot serve the purpose of a motion requiring the pleading to be made more definite and certain.

In an action against a city for personal injuries, plaintiff may, under a general allegation of damage, recover for all injuries necessarily resulting from the act or omission complained of, and it is needless to specify them.

In an action for personal injuries, a complaint alleging that by reason of defendant's negligence, etc., the right arm, shoulder, and

hand of plaintiff were seriously and permanently injured, and his body otherwise bruised, from which injuries he suffered and still suffers great pain and distress; that he will be permanently partially incapacitated from·carrying on his usual occupation, which was that of a laborer; that he was receiving an income of·$576 per year; that he has necessarily expended about $30 for medical assistance; and that he has suffered damages to the amount of $4,000—was not insufficient for failing to set forth any facts to show what plaintiff's occupation was before the injury, or what he was capable of earning before the injury, or any facts on which the jury could say how much he was injured.

A city cannot absolve itself from liability for injuries caused by a defective sidewalk by adopting and publishing an ordinance vacating the street whereon the sidewalk is located, where it permits the sidewalk to remain and be used as it was before the vacation.

Whether a sidewalk has been so notoriously out of repair for such a length of time as to put the city on inquiry is a question depending on the facts and circumstances of each particular case, and is usually one for the jury.

(Opinion filed, April 28, 1907.)

Appeal from Circuit Court, Codington County. Hon. GEORGE H. MARQUIS, Judge.

Action by P. M. Fritz against the city of Watertown. From a judgment for plaintiff and from an order denying defendant's application for a new trial, it appeals. Affirmed.

*A. Sherin*, for appellant.  *C. K. Snyder (Seward & McFarland, of counsel)*, for respondent.

Haney, J.  This is an action for personal injuries caused by a defective sidewalk. The appeal is from a judgment in favor of the plaintiff and an order denying defendant's application for a new trial.

Defendant objected to the introduction of any evidence, on the ground that the complaint did not state facts sufficient to constitute a cause of action. It is contended that "the complaint was insufficient, in this: It simply shows that the respondent fell on a certain street and was injured, and that he demanded $4,000 damages. It is insufficient because it does not set forth any facts to show what his occupation was before the injury, or what he was capable of earning before the injury, or any facts on which the court or jury could say how much he was injured." The objection to the introduction of any evidence cannot serve the purpose of a motion re-

quiring the pleading to be made more definite and certain. If, upon the well-pleaded facts, which the objection confessed, the plaintiff was entitled to even nominal damages, the objection was properly overruled. Moreover, in this class of cases, under a general allegation of damage in the complaint, the plaintiff may recover for all the injuries necessarily resulting from the act or omission complained of, and it is needless to specify them. 5 Ency. Pl. & Pr. 749. A mere inspection of the complaint is sufficient to justify the ruling of the learned circuit court. It contains these allegations: "That solely by reason of defendant's negligence, as aforesaid, and the said plaintiff's tripping and falling as aforesaid, the right arm, shoulder, and hand of said plaintiff were seriously injured and permanently injured, and his body otherwise bruised and injured, from which injuries he became and continues to be sick, sore, maimed, and disordered, and suffered and still suffers great pain and distress; that he has been and will be permanently partially incapacitated and prevented from carrying on his usual occupation, which was that of a laborer, and said plaintiff was receiving an income of $576 per year, and he has necessarily expended money to about the sum of $30 for medical assistance, bandages, and in endeavoring to be cured of his said injuries, that plaintiff has suffered damage to the amount of $4,000."

Defendant moved for a directed verdict upon the following grounds: (1) Because the street where the accident occurred had been previously vacated, and defendant was under no obligation to repair the walks therein; (2) because the evidence failed to show either actual or constructive notice of the defect which caused the injuries; and (3) because there was no evidence to show that the special charter under which the defendant is organized requires it to keep any sidewalks in repair. Plaintiff's injuries resulted from his being tripped by a loose plank in a sidewalk on what was known as "Cherry street." The accident occurred October 22, 1904. Defendant proved the adoption and publication in September, 1903, of a resolution by its council vacating "Cherry street on the north line of Dakota avenue to the north line of the Chicago & Rock Island and Minneapolis & St. Louis Railways." Whether this resolution embraced the locus in quo is not material,

because there was abundant evidence to justify a jury in finding that the defendant had permitted the use of the sidewalk where the accident occurred to continue in all respects as before the resolution was adopted. It is elementary that before negligence can be imputed to any party a duty, the breach of which constitutes the tort in question, must be shown. 21 Am. & Eng. Ency. Law, 466. This principle applies to actions for personal injuries resulting from defective sidewalks. Strait v. Town, 17 S. D. 326, 96 N. W. 695. Ordinarily the duty to keep in repair extends only to sidewalks in established streets; but can a city absolve itself from the obligation by merely adopting and publishing a resolution vacating a street, wherein the sidewalks are permitted to remain and be used as they were before the vacation? It has been held that, where a town discontinues or alters the course of a traveled highway, it is its duty to erect and maintain suitable signals or barriers at the point of its discontinuance or diversion to warn travelers of the fact. Schuenke v. Town of Pine River, 84 Wis. 669, 54 N. W. 1007; Bills v. Town of Kaukauna, 68 N. W. 992, 94 Wis. 310. This doctrine has our unqualified approval. "Where the reason is the same, the rule should be the same." Rev. Civ. Code, § 2410. Cities, as well as individuals, generally should be held responsible for the natural consequences of their conduct. To allow a sidewalk to remain in an apparently open street is an invitation to the public to use it as a public thoroughfare, and pedestrians who so use it will naturally assume, and have a right to assume, that its condition is not more unsafe than the condition of public walks should be. So, we conclude that, where a sidewalk is permitted to remain and be used as it was before the street was vacated, the city's duty to repair is the same as it is with respect to other walks under its control.

No actual notice of the particular defect which caused the plaintiff's injuries was shown, but there was evidence tending to prove that the walk was in an unsafe condition near where the accident occurred; that the stringers to which the planks were originally fastened had become decayed; that, though there was nothing to indicate that the particular plank which caused the injuries was loose, there were many loose planks in the walk; and that the gen-

erally unsafe condition of the walk had been apparent to persons passing over it for a considerable period prior to the accident. Where one portion of a wooden walk has become out of repair by reason of its stringers having decayed, the only reasonable inference is that there may be loose planks throughout its entire length; all of it having been constructed at the same time, in the same manner, and of the same material. Few devices are better calculated to entrap ordinarily prudent pedestrians than loose planks in a wooden walk which appear to be properly fastened. Notice of decayed stringers in one portion of such a walk clearly imposes the duty of inspecting all portions similarly situated. So the real question is whether any portion of the walk in this case had been in an apparently dangerous condition for such a length of time as to impose the duty of inspection. In other words, was it the duty of the city to inquire concerning the condition of the walk at the particular place where the plaintiff was injured? It not appearing when the walk was constructed, no inference as to its condition arose from the known fact that such walks soon decay, and defendant cannot be charged with negligence in failing to repair unless some portion of the walk had been in such a condition and for such a length of time as to impose the duty of making an inspection. "No general rule can be formulated which will govern in all cases the sufficiency of the facts or circumstances that make it a person's duty to inquire, but each case must rest on its own facts." 21 Am. & Eng. Ency. Law, 585. Therefore whether the sidewalk has been so notoriously out of repair for such a length of time as to put the city upon inquiry is a question depending upon the facts and circumstances of each particular case, and is usually one for the jury. 1 Harris on Damages by Corporations, § 107. A city acts through officers and agents who are required to exercise reasonable diligence. To what extent is the walk used? How long has any portion of it been in an unsafe condition? Was its condition such for such a length of time that a reasonably prudent person charged with the duty of keeping it in repair should have inquired concerning its condition at the place of the accident? These are the questions involved in cases such as the one at bar. A careful consideration of the evidence, though conflicting in some

respects, compels the conclusion that the issue as to whether the defendant was chargeable with notice of the particular defect which certainly existed was one to be submitted to the jury under proper instructions.

The third ground of defendant's motion for a directed verdict appears to have been abandoned as it is not mentioned in the argument of counsel for defendant, and he alleges in his brief that the defendant under its charter possessed the power "to vacate, open, widen, locate, extend, clean and keep in repair all sidewalks, streets, avenues and alleys in the city." So defendant's motion was properly overruled.

Under the rules heretofore announced there was no reversible error with respect to the admission or rejection of testimony, none in those portions of the court's charge to which exceptions were preserved, nor none in refusing defendant's request to charge; and the evidence was sufficient to justify the verdict.

The judgment and order appealed from are affirmed.

CORSON, J., not sitting.