## CONNELL v. CITY OF CANTON.

A verdict upon conflicting evidence will not be reviewed.

The construction of a plank approach six feet long, and sloping ten inches in that distance from a sidewalk to a street crossing, was not as a matter of law a negligent construction, but the question of negligent construction was for the jury, especially where an engineer testified that that was too steep a pitch if the circumstances would allow a better one, and there was evidence that the local conditions were not such as to require a construction with a fall of ten inches or more.

Appellant, not having presented requests covering the matter more fully, cannot complain that instructions were not more explicit.

(Opinion filed, Jan. 26, 1910.)

Appeal from Circuit Court, Lincoln County. Hon. JOSEPH W. JONES, Judge.

Action by Robert Connell against the City of Canton. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*A. R. Jamieson* and *Asa Forrest, Jr.*, for appellant. *A. B. Carlson* and *Brown & Brown,* for respondent.

SMITH, J. The plaintiff, who is the respondent here, brought an action in the circuit court of Lincoln county against

the defendant, the city of Canton, to recover damages for personal injuries alleged to have been sustained by him on the 1st day of February, 1905, by falling upon an approach or apron leading from one of the sidewalks of the city to one of its street crossings The theory of the plaintiff, as disclosed by his pleading, is that his injury was caused by the negligent construction of the apron or approach. He also alleges negligence on the part of the city, in that said approach was allowed to become covered with snow and ice, and that by reason of such negligence he slipped upon the approach or apron and fell, and suffered the injury complained of. The contention of the defendant is that the apron or approach was not negligently constructed, that it was reasonably safe, and that the plaintiff fell upon the street adjacent thereto, and after he had passed over said approach. Defendant also contends that it used reasonable care in maintaining said approach or apron in a reasonably safe condition. Defendant further alleges that upon the day of the accident the streets, sidewalks, and crossings of the city were covered with recently formed smooth ice, the result of freezing sleet and rain which had fallen during the night previous to the accident; also, that in going upon the approach plaintiff was guilty of contributory negligence, in that he knew the condition of the approach and had known it for years; that it was daylight when he went upon it; that he could see its condition; that he had always believed the same to be dangerously constructed; that he estimated the danger to himself before going upon it, and resolved to risk it, and thus became responsible for the injury he sustained, and that, by reason of his contributory negligence, he cannot recover in this action. The plaintiff recovered a verdict against the city, and from the judgment entered thereon and an order of the trial court overruling a motion for a new trial the plaintiff has brought the action to this court for review.

The facts disclosed in this case upon the trial, and as they appear in the record, are almost exactly parallel with those presented to this court upon the appeal in the case of Smith v. City of Yankton, recently decided by this court, and found in 23 S. D. 352, 121 N. W. 848. Two circumstances not disclosed in the

facts involved in that case appear in the record before us. It was contended that the plaintiff did not fall upon the walk as a matter of fact, but had safely passed the walk, and that the fall occurred at a point some ten feet distant from the apron leading from the sidewalk down to the crossing. Upon this question there is some conflict in the testimony. The plaintiff himself testifies that in passing from the street over the apron, when about half way down, his foot slipped by reason of the steepness of the apron and ice thereon, and in attempting to recover his balance he passed several steps beyond the apron along the crossing, and, being unable to recover his balance, fell and was injured. Certain witnesses for the defendant claim to have seen the occurrence. This controversy in the testimony was fairly and fully submitted to the jury by the instructions of the court, and the jury by their verdict have accepted the facts as testified to by the plaintiff. This question, then, presents nothing for review by this court.

Another fact not disclosed in the case above referred to is that in the case at bar three cleats were nailed against the sloping apron leading down upon the stone crossing, and the undisputed evidence seems to show that these cleats were worn down in such manner and so covered with ice and snow as to leave the traveled central part of the apron practically a smooth surface from the sidewalk down to the crossing. Evidence in the record shows that this apron or approach was composed of four or five two-inch planks, laid side by side, and from five to six feet long, extending from the edge of the cement walk down to and upon the stone crossing leading to the opposite side of the street, and that the end of the apron resting upon the cement walk was from ten to twelve inches higher than the end resting upon the crossing.

Appellant's counsel in their brief earnestly contend that the trial court should have ruled as a matter of law that the construction of a plank approach which is six feet long, and slopes ten inches in that distance from a sidewalk to a street crossing, is not negligent construction. With this contention we cannot agree. The question of the negligent construction of a sidewalk or crossing or approach thereto is one which depends so largely

upon varying conditions, including the topography of the immediate locality and existing climatic conditions, that in our judgment it should be held to be essentially a question of fact for the jury. Especially is this true in this case, in view of certain evidence which appears in the record. One H. N. Cooper, the city engineer of defendant, was called as a witness by plaintiff, and testified as to this particular apron and crossing. Upon cross-examination by appellant he was asked: "Do you find that such a grade is an undue pitch or grade, ten inches in six feet?" His answer was: "I would consider that too steep a pitch if the circumstances would allow a better one. I think it would be more desirable to put in a flatter one." It is disclosed by evidence admitted without objection on the part of appellant that some time after this accident the defendant city put in a new crossing at the point where this accident occurred, raising the crossing so that the fall from the edge of the cement walk to the new crossing covered by the apron was only four inches instead of ten. This evidence clearly shows that the local conditions were not such as to require the construction of this apron with the fall of ten inches or more, as disclosed by the evidence. The instructions of the court to the jury upon the matter of the negligent construction of the approach were correct in substance, although they might with propriety have been more explicit. Appellant, however, cannot complain of these instructions, for the reason that he did not present to the court requests covering the matter more fully.

Every other question presented upon this appeal is fully and carefully considered and decided by this court in the case of Smith v. City of Yankton, supra. We believe that case was correctly decided, and that it should be held to rule the decision on this appeal.

The judgment and order of the trial court are therefore affirmed.

CORSON, J. I dissent.