STEWART, Respondent, v. CITY OF WATERTOWN, Appellant.

(180 N. W. 945.)

(File No. 4780.   Opinion filed January 7, 1921.)

**Pleadings—Personal Injuries To Foot Passenger, Recovery For—Obstructing City Street By Piling Snow—Complaint, Non-allegation Re Plaintiff's Care, Sufficiency—Contributory Negligence—Degree Of Care Required, Defined.**

A complaint against a city for damages to plaintiff as a foot traveler while crossing an intersection of streets, which alleged among other things that defendant's officers and employees carelessly and negligently moved snow from other portions of an avenue and piled same in street center used by foot travelers, whereby same became uneven, slippery and unsafe and dangerous, that plaintiff was lawfully traveling along the avenue at said crossing and, by reason of said uneven, etc., condition aforesaid, slipped and fell, thereby sustaining injury, is good against a demurrer for insufficiency to state facts not pleaded;

that it does not appear from the complaint that plaintiff failed to use such ordinary care; that (following Snee v. Telephone Company, 24 S. D. 361,) mere knowledge by a traveler of a defect existing in highway, sidewalk, etc., is not in general conclusive evidence of his negligence in attempting to pass it; but except in cases where fair minded men could not differ as to his having acted rashly, question whether he acted prudently is for jury. The fact that there is defect in the street does not oblige him to forego traveling upon it, but he may proceed provided the danger is not of such character that a prudent man would decline to encounter it, and provided he exercises a degree of care commensurate with the danger. He need not exercise extraordinary care unless danger is so great as to require it; care should be proportionate to danger. And from the facts pleaded, showing only that plaintiff could see and know the dangerous condition of the place, and that she attempted to cross it, it does not appear the danger was so great as to preclude her from making the attempt without being guilty of contributory negligence.

Appeal from Circuit Court, Codington County. HON. WILLIAM N. SKINNER, Judge.

Action by Minerva E. Stewart, against the City of Watertown, a municipal corporation, to recover damages for personal injuries. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Arthur L. Sherin,* for Appellant.
*Loucks, Hasche & Foley,* for Respondent.

Appellant cited: 21 L. R. A. (N. S.) 614, notes; Smith v. City of Yankton, 23 S. D. 352; 121 N. W. 848.

Re city's duty to remove snow, etc., cited: Dupont v. Port Chester 204, N. Y. 351, 97 N. E. 735, 39 L. R. A. (N.S) 1167, and note.

Respondent cited: Denver v. Rhodes (Col.) 131 Pac. 786; Johnson v. Marquette (Mich.) 117 N. W. 658; Jackson v. Grand Forks, (N. D.) 140 N. W. 718; Snee v. Telephone Company, 24 S. D. 361.

SMITH, J. Appeal from an order overruling demurrer to plaintiff's complaint. The complaint alleges that Kemp avenue, running north and south, and Maple avenue, running east and west, are two of the main streets in the city of Watertown; that said streets intersect, and (including the intersection and cross-

ings) were paved under the authority of the city; that for more than 30 days prior to February 18, 1919, snow and ice were allowed to accumulate upon said streets, and particularly upon that part of Kemp avenue reserved for foot travelers, at its intersection with Maple avenue; that on and prior to said date the city, by and through its duly qualified and acting officers and employees, carelessly and negligently moved the snow from other portions of Kemp avenue and piled the same up in the center of said street, and particularly upon that portion thereof used by foot travelers, whereby the same became so rounded, uneven, and slippery as to make foot travel thereon unsafe and dangerous, which unsafe, slippery, and dangerous condition had continued for several weeks prior to the 18th day of February, 1919, to the knowledge of said city and its officers, agents, and employees; that it was the duty of said city to keep said street at said point in a reasonably safe condition for travel, but, notwithstanding said city and its officers had notice of said unsafe condition of said street, the said city and its officers failed and neglected to put said street in a safe condition for travel; that on February 18, 1919, in the daytime, the plaintiff was lawfully traveling along said Kemp avenue at the crossing for foot travelers about the center of said avenue at its intersection with Maple avenue, and by reason of the said rounded, uneven, slippery, and icy condition aforesaid she slipped and fell, and thereby sustained a fracture of her hip bone, so that the same was broken clear across and splintered; that by reason of said injury she has suffered great and grievous physical injury and mental suffering, and was confined in a hospital for 14 weeks, and necessarily expended for medical attention, care, and nursing the sum of $561.57; has suffered great physical pain, has been crippled for life, and rendered unable to perform her household duties, to her total damage in the sum of $10,000. The complaint also alleges due notice of her claim to the city, demand for payment and rejection of the claim. Demurrer for insufficiency of facts to sustain a recovery. Demurrer overruled and defendant appeals.

Appellant's only contention is that plaintiff, seeing and knowing the unsafe and dangerous condition of the street at the time she attempted to cross it, was guilty of contributory negligence, and cannot recover. Appellant's argument is summarized in the statement:

"A party injured cannot recover if he was aware of the defect or obstruction, and failed to use ordinary care to avoid the accident."

This statement of law is absolutely correct. But appellant overlooks the fact that the demurrer admits no facts not pleaded, and it does not appear that plaintiff "failed to use ordinary care to avoid the accident."

As was said by this court in Snee v. Telephone Co., 24 S. D. 361, 123 N. W. 729:

"Mere knowledge, on the part of a traveler of a defect existing in highway, sidewalk, or bridge is not, in general, conclusive evidence of his negligence in attempting to pass it; but, except in cases where fair-minded men could not differ as to his having acted rashly, the question whether he acted prudently will be one of fact for the jury. The fact that there is a defect in a street does not oblige him to forego traveling upon it; but he may proceed, provided the danger is not of such character that a prudent man would decline to encounter it, and provided that in doing so he exercises a degree of care * * * commensurate with the danger. He need not, indeed, exercise extraordinary care, unless the danger is so great as to require it; but he should use a degree of care proportionate to the danger. * * *"

This case, like most of those cited by appellant, discusses the sufficiency of the evidence to show negligence or contributory negligence. But if we assume that the same rule is applicable to the admission of facts by demurrer that is applicable to conceded or undisputed facts upon a jury trial, the demurrer cannot be sustained for the reason that the facts admitted show only that plaintiff could see and know the dangerous condition of the place, and that she attempted to cross it. But in the absence of any fact tending to show that she did not use due and reasonable care, we cannot say that the danger was so great as to preclude her from making the attempt without being guilty of contributory negligence.

The order of the trial court is affirmed.