STEWART, Appellant, v. CITY OF WATERTOWN, Respondent.

(198 N. W. 125.)

(File No. 5292.  Opinion filed April 4, 1924.)

**Municipal Corporations—Negligence—Damages—In Absence of Proof of Negligence in Leaving Snow and Ice, Verdict Properly Directed for Defendant**

In an action for injury from slipping on an accumulation of ice and snow on part of a pavement set aside to pedestrians, where the proof did not show defendant's negligence in leaving such snow and ice, a verdict was properly directed for defendant.

Dillon, J., dissenting in part.

Appeal from. Circuit Court, Codington County; Hon. W. N. Skinner, Judge.

Action by Minerva E. Stewart against the City of Watertown. From a directed verdict for defendant and a judgment dismissing her complaint, plaintiff appeals. Affirmed.

*Loucks, Hasche & Foley,* of Watertown, for Appellants.

*Arthur L. Sherin,* of Watertown, for Respondent.

ANDERSON, J. This action is before the court, on appeal from a directed verdict for defendant and a judgment dismissing plaintiff's complaint. The action involves the question of whether the city of Watertown is liable for injury sustained by plaintiff when she fell upon that portion of the pavement on Kemp avenue in said city set apart for foot passengers on the east side of the intersection of Maple street with Kemp avenue. No question is raised with reference to the character of plaintiff's injury or the extent thereof, and nothing said in reference thereto, except that plaintiff sustained serious injury by the complete fracture of the hip bone, plaintiff being then a woman of 57 years. The character and extent of this injury and the alleged negligent acts of said city were pleaded in rather minute detail in the complaint, and a decision on demurrer was invited, and the invitation accepted. Defendant demurred on the ground that the complaint did not state a cause of action. This demurrer was overruled by the trial court, and this decision was sustained by this court on appeal after argument and citation of authorities. Stewart v. City of Watertown, 43 S. D. 489, 180 N. W. 945. It is the contention of appellant that her evidence fully sustained all of the material allegations of her complaint, and it is contended that the evidence shows that for some time prior to the date of the injury snow and ice had accumulated on this particular crossing, and that on this day it was in a smooth, slippery condition, lumpy and rutty, and the amount of ice found on this crossing at that time had been deliberately augmented by action of the city through its street department in hauling out large amounts of snow from other portions of the street, and likewise the spreading thereof upon the street. Appellant's theory is that even though the city might not be liable for the failure to remove snow from a street where it had fallen, where it appeared that the city had added to

the amount of the snow upon the crossing by removal of snow which had fallen in other portions of the street, such action was and constituted such negligence as to make city liable. Plaintiff in paragraph 3 of the complaint pleaded that snow was removed from other portions of Kemp avenue and piled in the center of the street, and particularly upon portions thereof used by foot passengers. This allegation is wholly without support in the evidence. In Dupont v. Port Chester, 204 N. Y. 351, 97 N. E. 735, 39 L. R. A. (N. S.) 1167, Ann. Cas. 1913C, 1066, the court held that the duty of a municipality to keep its sidewalks free from snow and ice does not, in the absence of express provisions of statute, apply to the same extent to a crosswalk or crossing on a public street. There is no evidence in this case from which negligence on the part of the city can reasonably be inferred. In Bohl v. City of Dell Rapids, 15 S. D. 619, 91 N. W. 315, this court quotes with approval the rule that it "is for the court to say whether there is evidence in the case from which negligence might reasonably be inferred."

The proof wholly fails to show such negligence on the part of the city as alleged in the complaint.

We have carefully considered each and every assignment urged on behalf of appellant, and we are satisfied that they are all without merit.

The judgment and order of the trial court are affirmed.

DILLON, J. (dissenting). I think the court erred in refusing to allow the testimony of George Blum relative to the condition of the crossing in January. It was vital for the plaintiff to show that this dangerous condition of the crosswalk had existed a sufficient length of time to impart knowledge of it to the city authorities. There is no suggestion of contributory negligence on the part of the plaintiff. If the injury had taken place on smooth ice caused by a recent storm, there could have been no recovery, but the accident occurred on a crossing covered with ice which contained ridges, knobs, mounds, and high places. This crossing was in use by the public and plaintiff was not required to anticipate danger, but only required to use reasonable care. The plaintiff had on rubbers, and was accompanied by her daughter. It cannot be said that the plaintiff was guilty of contributory negligence as a matter of law.

In view of all the facts and circumstances, it was a case for the jury to decide whether the plaintiff used due care in attempting to cross the street.

Note.—Reported in 198 N. W. 125.    See, Headnote, American Key-Numbered Digest, Municipal corporations, Key-No. 821(7), 28 Cyc. 1506.