GURNEY, Respondent, v. RAPID CITY, Appellant

(50 N. W.2d 360)

(File No. 9328.  Opinion filed December 3, 1951)

**Bottum & Bottum,** Rapid City, for Plaintiff and Respondent.

**Hanley, Leedom & Driscoll,** Rapid City, for Defendant and Appellant.

RICE, Circuit Judge.   Plaintiff brought this action against defendant city for personal injuries caused by an alleged defective sidewalk and recovered a verdict for $7500. Defendant has appealed from the judgment rendered pursuant thereto.   The accident occurred on Seventh Street, adjacent to its intersection with Main, in Rapid City.   The First National Bank is located on the corner lot abutting these streets, in the principal business portion of the city. The sidewalk on Seventh Street is built of concrete and is about 16 feet in width.   The outer squares of the walk, next to the street, are about four feet wide.   For some distance these are at a lower level than the remainder of the walk, the difference in elevation ranging from zero to one and one-eighth inch.   At the place of the accident the declivity is one inch.   In 1946 an engineer employed by defendant city was requested by the City Commission to make a survey of the sidewalks of the city, for the purpose of determining whether they needed repair.   Such survey was made, the defect in question discovered and reported to the city. Thereafter a resolution was adopted by the commission that the abutting owner, First National Bank, repair the same.   A notice in accordance with the resolution was given to the bank, but the defect was not repaired.   The street, at the place in question, is seven and one-fourth inches below the level of the walk.   The plaintiff is a woman 74 years of age, weighing 174 pounds and with no impairment of sight or physical faculties, at the time of the accident.   This occurred on November 19, 1949, at 10:30 in the morning.   The day was bright and clear and the walk was dry.   Plaintiff was taken to the scene in a car driven by her son.   He parked the car at the curb, near a meter on Seventh Street.   Plaintiff got out of the car, took hold of the meter, stepped upon the curb or walk, took a couple of steps and fell.   She testified that her heel caught in the declivity in the walk, causing her to fall, and this is accepted as a fact on this appeal. Plaintiff was a comparative stranger in Rapid City and this

was the first time she had been on this sidewalk. She testified that she took no particular notice of the sidewalk, was not looking at it, and if she had looked probably would not have tripped.

Defendant, by motion for a directed verdict and for a judgment n.o.v., raised the question in the trial court as to the sufficiency of the evidence to support the verdict. The rulings thereon against defendant are assigned as error on this appeal.

The duty of a municipality to keep its streets and sidewalks reasonably safe for the use of the public is conceded by appellant. Among the cases where the rule has been applied in this court are Keen v. City of Mitchell, 37 S. D. 247, 157 N.W. 1049, L.R.A.1916F, 704; Fritz v. City of Watertown, 21 S. D. 280, 111 N.W. 630; Gellenbeck v. City of Mobridge, 40 S. D. 157, 166 N.W. 631; Drake v. City of Mobridge, 60 S. D. 79, 243 N.W. 429 and Kimball v. City of Sioux Falls, 71 S. D. 35, 20 N.W.2d 873. However, it is urged that the defect shown in this case is so trifling and insignificant that the court was not justified in submitting the issue of the city's negligence to the jury. As to the line to be drawn between cases, where the irregularity or defect is so slight that the quesion is one of law, and where it is one of fact for the jury, the courts are in marked disagreement. See extensive note, 119 A.L.R. 161, also Maloney v. City of Grand Forks, 73 N. D. 445, 15 N.W.2d 769, a recent North Dakota case relied upon by respondent. The decisions recognize that no mathematical standard can be adopted as fixing this line and that each case must be determined upon its own particular facts and circumstances.

■ The question to be answered in deciding whether there was negligence on behalf of the city is stated in Keen v. City of Mitchell, supra [37 S. D. 247, 157 N.W. 1050], as follows: "Was the accident the natural and probable result of the use of the street in that condition, one that could have been foreseen by those charged with the duty of maintaining the street?"

■ The City Commission, long before the occurrence of the injury to plaintiff, foresaw the probability of accident and injury arising because of the defective condition of this

walk, at least the jury was privileged to so infer, by reason of the resolution requiring that the walk be repaired, and the notice to the property owner reciting that "This work should be done at once to protect the public and to relieve you from liability under Section 45.1605 of the South Dakota Code of 1939 * * *."

The resolution and notice to the owner to repair constitute admissions made in the course of the transaction of official business. 20 Am.Jur., § 677, p. 573; 31 C.J.S., Evidence, § 358, p. 1134. It is admitted they have evidentiary value as to the knowledge of the city of the defective walk. It is likewise logical that they have probative value as to the nature of the defect and from which the jury could draw the inference that the walk was not reasonably safe for travel. This court gave such evidentiary effect to the repair of a walk following an injury caused thereby in Connell v. City of Canton, 24 S. D. 572, 124 N.W. 839.

What the situation in this case would be in the absence of the resolution and notice to the property owner we need not determine. Here the official body, charged with the duty of keeping the walks reasonably safe for public travel, foresaw that the defect in this walk might cause injury or accident to the public, but did nothing to remedy the defect.

The commission having actually foreseen the potential danger in the defective walk, this court should not step in after an accident has occurred and say that the defect was so trivial that those charged with the duty of maintaining the walk, i. e., the commission, should not have foreseen the probability of an accident caused thereby.

Appellant also contends that respondent was guilty of contributory negligence as a matter of law. A pedestrian has the right to assume that city walks, especially those principally traveled, are reasonably safe for travel. 25 Am.Jur., § 461, p. 749; Hermandson v. City of Canton, 60 S. D. 367, 244 N.W. 525; Usletten v. City of Brookings, 59 S. D. 477, 240 N.W. 851. The issue of contributory negligence was submitted to the jury by proper instructions and its verdict determined that issue.

Appellant has also assigned as error alleged failure to give sufficient or adequate notice of her claim against the city, as required by SDC 45.1409, providing: "No action for the recovery of damages for personal injury or death caused by its negligence shall be maintained against any municipality unless written notice of the time, place, and cause of the injury is given to the auditor or clerk by the person injured, his agent, or attorney, within sixty days after the injury." One of plaintiff's attorneys testified that within the sixty-day period he personally wrote and mailed a letter to the auditor of the city, in behalf of plaintiff, giving notice of her claim against the city; that this was regularly mailed with the postage prepaid and with the return address of his firm thereon; that it was not in fact returned. The auditor testified that it was never received by him and insofar as he knew or his records showed never received by any one in his office. The sufficiency of the letter as a notice under the statute is not questioned. The trial court submitted to the jury the question as to whether the letter was mailed or not. By their verdict they found that the notice was given. Proof of the filing of the notice with the auditor is not required by our statute. This court has held that failure to give the notice is a defense; that it is, in effect, a new statute of limitations, rather than a condition precedent necessary to maintaining the suit. Gellenbeck v. City of Mobridge, 40 S. D. 157, 166 N.W. 631. On this record we conclude that the issue of whether notice of claim was given was a fact for the jury's determination. 38 Am.Jur., § 673, P. 381. This is in accord with service by mail, as permitted by our statute. SDC 33.0819. Griffin v. County Commissioners, 20 S. D. 142, 104 N.W. 1117. In the latter case our court quoted from Clyde v. Johnson, 4 N. D. 92, 58 N.W. 512, 513, as follows: "The service by mailing is complete when the paper is mailed, none the less so in a case where the letter containing the paper is never received by the attorney to whom it is addressed."

The judgment of the trial court is affirmed.

RICE, Circuit Judge, sitting for LEEDOM, J., disqualified.

ROBERTS and SMITH, JJ., dissent.