POPPEN, Respondent, v. CITY OF WATERTOWN, Appellant

(53 N. W.2d 616)

(File No. 9264.  Opinion filed June 2, 1952)

**Lund & McCann,** Brookings, for Plaintiff and Respondent.

**Francis C. Burns,** Watertown, for Defendant and Appellant.

SICKEL, P. J. This action was commenced by Bertha Poppen, as plaintiff, against the City of Watertown, as defendant, to recover the damages sustained by her as a result of stepping into a depression in the sidewalk in one of the city streets. The issue was presented to a jury and a verdict was returned for plaintiff in the sum of $3399.50. Judgment was entered thereon and the city appealed.

The accident occurred on November 9, 1949, in front of the Hollywood Dress Shop at Number 5 South Maple Street, one of the principal thoroughfares of the city. The

sidewalk was about eighteen feet wide, built of concrete. The depression was located about seven feet from the curb and about ten feet from the shop. It was described by the witnesses as shaped like a saucer, about twelve inches in diameter and about one and one-eighth inches in depth, cast in the concrete at the time the sidewalk was constructed. The purpose of the depression was to expose a plug at the upper end of a cylinder and thereby provide access to an underground valve by which the flow of water from the city mains to private property could be controlled.

It was and is respondent's contention that this depression was a structural defect of the sidewalk; that it constituted a hazard to pedestrians; that the city was therefore negligent, and that there is no evidence to show that respondent failed in any manner to exercise ordinary care for her own safety. Appellant admits that respondent fell because of the condition of the sidewalk and does not contend that she was guilty of contributory negligence. It is appellant's contention that the evidence was insufficient to justify the jury in finding that the city was negligent in the construction of the sidewalk.

In Bohl v. City of Dell Rapids, 15 S. D. 619, 624, 91 N.W. 315, 317, it was stated: "A municipal corporation is not liable for every accident that may occur within its limits. Its officers are not required to do every possible thing that human energy and ingenuity can do to prevent the happening of accidents or injuries to the citizens. The law does not require that the city shall do more than keep its streets and sidewalks in a reasonably safe condition."

In Keen v. City of Mitchell, 37 S. D. 247, 157 N.W. 1049, 1050, L.R.A.1916F, 704, the court said: "* * * this duty has been performed when the way is without obstruction, or such structural defects as would endanger the safety of travelers in the exercise by themselves of ordinary care." 157 N.W. 1050. Similar holdings are found in Schuler v. City of Mobridge, 44 S. D. 488, 184 N.W. 281; Drake v. City of Mobridge, 60 S. D. 79, 243 N.W. 429.

Gurney v. City of Rapid City, 74 S.D. 192, 50 N.W.2d 360, 361, recognized that in determining the sufficiency of the evidence to justify a verdict for damages against a

municipality "* * * no mathematical standard can be adopted as fixing this line and that each case must be determined upon its own particular facts and circumstances."

The first question of fact is whether the slope of the depression constituted a hazard. When this sidewalk was rebuilt in 1947 the grade of the sidewalk brought the surface of it one and one-eighth inches above the top of the metal plate and the plug. Instead of lengthening the cylinder and thereby raising the plate and the plug to the level of the sidewalk, the sidewalk was beveled in the shape of a saucer to the top of the plate and plug, and so it remained until the time of plaintiff's accident. The jury may well have been justified in finding this method of construction showed a lack of ordinary care on the part of the city.

In order to show that the depression was a dangerous defect in the sidewalk plaintiff introduced evidence showing other accidents due to the same depression. Lila Green, then a saleslady at the Hollywood Shop, testified that she saw plaintiff's accident; that she, herself, stepped into this depression and sprained her ankle on August 13, 1949. She had never noticed the depression before. Alvina Mahowald testified that on November 18, 1949, she also fell and sprained her ankle because of this depression in the sidewalk. Another witness was Mrs. Ray Ellsworth who testified that in the spring of 1950 she tripped because of this depression and fell flat on the sidewalk injuring her knee. Mrs. Eva Lakeman saw an unidentified lady trip by stepping into this depression. She started to fall and was caught by a companion. This happened about three days after plaintiff's accident.

■■ The rule as to the admissibility of this kind of testimony and of the weight to be given it is stated in 43 C.J., Municipal Corporations, § 2022 and 63 C.J.S., Municipal Corporations, § 939 f(1), as follows: "But by the weight of authority evidence of such other accidents within a reasonable time prior to the accident complained of and under the same conditions is admissible as tending to show the existence of the defect, obstruction, or other dangerous conditions, and the possibility or probability that the injury complained of resulted therefrom; and as tending to show notice

to the municipality of the defective condition of the place." Also: "Evidence of subsequent accidents at the same place is inadmissible to establish negligence on defendant's part, or to show a defective or obstructed condition, unless the testimony further shows a similarity of condition of the defect at the subsequent date and at the time of the injury." ·

The other accidents to which plaintiff's witnesses testified, and the one of which the palintiff complains, occurred under the same conditions. The testimony was therefore admissible as tending to show that the construction of the walk was defective and that a dangerous condition was the result. The jurors were the exclusive judges of the weight of the evidence. It was for them to say whether the sidewalk was defective and dangerous, and if so whether its condition was the proximate cause of plaintiff's injury.

The jury by its verdict found that the city failed to keep its sidewalk in a reasonably safe condition and thereby created a hazard which resulted in plaintiff's injury. We find that the evidence is sufficient to justify the verdict.

Judgment affirmed.

All the Judges concur.