#23922-aff in pt, rev in pt & rem-JKM

**2006 SD 93**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

COLLIN LOESCH,                                                           Plaintiff and Appellant,

   v.

THE CITY OF HURON,
A Municipal Corporation,                                      Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BEADLE COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JON R. ERICKSON
Judge

\* \* \* \*

BEVERLY J. KATZ of
Katz Law Office                                          Attorney for plaintiff
Huron, South Dakota                              and appellant.

ROBERT B. ANDERSON of
May, Adam, Gerdes and Thompson                Attorneys for defendant
Pierre, South Dakota                               and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON OCTOBER 2, 2006

OPINION FILED **10/25/06**

MEIERHENRY, Justice

[¶1.]		Collin Loesch (Loesch) brought suit against the City of Huron (City) after he was injured on a city street while riding his bicycle.  The City brought a motion for judgment on the pleadings claiming that Loesch had failed to file suit within the two year statute of limitations in SDCL 9-24-5.  Loesch claimed that SDCL 3-21-2, which requires an injured party to give notice to a city, and SDCL 3-21-6, which allows a city ninety days to respond, tolled the two year statute of limitations.  The trial court ruled against Loesch and dismissed the lawsuit.  The trial court also dismissed Loesch's claim of nuisance.  We affirm dismissal of the nuisance claim, reverse dismissal as to the statute of limitations and remand for trial.

## PROCEDURAL BACKGROUND

[¶2.]		In his pleadings, Loesch claimed that on May 2, 2003, he fell and was injured while riding his bicycle on a City street.  He claimed that the City was negligent in not marking the area of the street where it was making repairs and that the City's negligence caused his injuries.  On September 2, 2003, Loesch provided written notice to the City, indicating the time, place, and cause of his injury as required by SDCL 3-21-2 and waited for the City to respond.  Ninety days passed without reply from the City.  Loesch subsequently served a summons and complaint on June 27, 2005.  The City filed a motion for judgment on the pleadings based on Loesch's failure to commence his personal injury action against the City within two years of the occurrence as required by SDCL 9-24-5.  The trial court

#23922

granted the City's motion, concluding that neither SDCL 3-21-2 nor 3-21-6 stayed the two-year statute of limitations. Loesch appeals and raises the following issues:

## ISSUES

1. Whether the trial court erred by not excluding the ninety day time frame between Loesch's notice to the City and the City's failure to reply, and in so doing erred in dismissing Loesch's lawsuit based upon the two year statute of limitations in SDCL 9-24-5.

2. Whether the trial court erred in dismissing Loesch's nuisance claims against the City.

## STANDARD OF REVIEW

[¶3.]    "Judgment on the pleadings provides an expeditious remedy to test the legal sufficiency, substance, and form of the pleadings." M.S. v. Dinkytown Day Care Center, Inc., 485 NW2d 587, 588 (SD 1992) (internal quotations omitted). It is only an appropriate remedy to resolve issues of law when there are no disputed facts. *Id.* Loesch's arguments relate solely to whether the trial court erred in finding that his action was time barred by South Dakota law. A question of statutory interpretation is a question of law which we review de novo. State v. $1,010.00 in American Currency, 2006 SD 84, ¶8, 722 NW2d 92, 94.

## DECISION

### *Statute of Limitations*

[¶4.]    Loesch's first issue is that the trial court erred in concluding his negligence action was barred because it was not brought within the two year statute of limitations specified in SDCL 9-24-5. The statute provides as follows:

> Any action for recovery of damages for personal injury or death caused by the negligence of a municipality must be commenced within two years from the occurrence of the accident causing the injury or death.

SDCL 9-24-5. The statute sets forth an "occurrence rule" statute of limitations, which means a cause of action accrues at the time the injury occurs. *See* Burgard v. Benedictine Living Communities, 2004 SD 58, ¶17, 680 NW2d 296, 301; Green v. Siegel, Barnett, and Schutz, 1996 SD 146, ¶10, 557 NW2d 396, 399. Since this is an occurrence rule, any argument by Loesch concerning delayed accrual is without merit.

[¶5.]    In this case, the statute of limitations began to run when Loesch was injured on May 2, 2003. Loesch argues that the notice provisions in SDCL 3-21-6 and 3-21-2 prohibited him from maintaining a lawsuit against the City for a period of time and tolled the two year statute of limitations. The statutory notice provisions first require that before commencing a court action, a claimant must give notice to the public entity within 180 days of the occurrence. SDCL 3-21-2. The statute mandates the following:

> No action for the recovery of damages for personal injury, property damage, error, or omission or death caused by a public entity or its employees may be maintained against the public entity or its employees unless written notice of the time, place, and cause of the injury is given to the public entity as provided by this chapter within one hundred eighty days after the injury.

SDCL 3-21-2.

[¶6.]    Additionally after receiving notice, the public entity has ninety days to accept or reject the claim before the claimant can file a lawsuit. SDCL 3-21-6. The statute provides:

> The claimant or the claimant's legal representative may file a suit if the public entity does not accept or reject the claim within ninety days of receipt of the notice as provided in § 3-21-2.

SDCL 3-21-6. Loesch argues that these statutes toll or suspend the two year statute of limitations in SDCL 9-24-5 for the period of time that (1) the city responds to the claim or (2) ninety days has passed from the date of the notice of the claim.

[¶7.] The plain and ordinary language of the statutes supports Loesch's interpretation. Although we have examined the mandatory notice requirements of the statutes, we have not had occasion to address whether the mandatory notice and reply time frames toll the statute of the limitations. *See* Gakin v. City of Rapid City, 2005 SD 68, ¶15, 698 NW2d 493, 498; Purdy v. Fleming, 2002 SD 156, ¶14, 655 NW2d 424, 429-30; Peterson, *ex rel.* Peterson v. Burns, 2001 SD 126, ¶39, 635 NW2d 556, 570 (stating that SDCL 3-21-2 is an example of a notice statute in which a plaintiff must give 180 days notice after the time of the injury); *In re* Kindle, 509 NW2d 278, 280 (SD 1993) (stating that "[u]nder South Dakota law, no action for damages may be maintained against a public entity or official unless written notice of the injury is given to that entity within 180 days of the injury" ); Finck v. City of Tea, 443 NW2d 632, 635 (SD 1989) (holding that notice of tort claim to mayor or city finance officer is mandatory ). Additionally in the context of analyzing "substantial compliance," we acknowledged the legislative objectives for the notice requirement to public entities as follows:

> To investigate evidence while fresh; (2) to prepare a defense in case litigation appears necessary; (3) to evaluate claims, allowing early settlement of meritorious ones; (4) to protect against unreasonable or nuisance claims; (5) to facilitate prompt repairs, avoiding further injuries; (6) to allow the [public entity] to budget for payment of claims; and (7) to insure that officials responsible for the above tasks are aware of their duty to act.

Myears v. Charles Mix County, 1997 SD 89, ¶13, 566 NW2d 470, 474 (internal quotations omitted).

[¶8.]     To determine whether the legislature intended the notice provision of SDCL 3-21-2 and the mandatory response time frames in SDCL 3-21-6 to toll the two-year statute of limitations, we first examine the statute as a whole and the plain, ordinary, and popular meaning of its language. State v. Ducheneaux, 2003 SD 131, ¶9, 671 NW2d 841, 843. We have said, "[s]ince statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject." Dahn v. Trownsell, 1998 SD 36, ¶14, 576 NW2d 535, 539 (quoting Moss v. Guttormson, 1996 SD 76, ¶10, 551 NW2d 14, 17) (reversed on other grounds). Both SDCL 3-21-2 and 3-21-6 were enacted in the 1986 Legislative Session as provisions in the same bill. SD Laws 1986 ch 4 § 6. In addition, a previously passed statutory provision codified in SDCL 15-2-25 specifically provided that "[w]hen the commencement of an action is stayed by . . . statutory prohibition, the time of the . . . prohibition is not part of the time limited for the commencement of the action." In determining legislative intent, we also take into consideration prior enacted statutes on the same subject matter and read the statutes in *pari materia*. We have recognized:

> The object of the rule of pari materia is to ascertain and carry into effect the intention of the legislature. It proceeds upon the supposition that the several statutes were governed by one spirit and policy, and were intended to be consistent and harmonious in their several parts and provisions.
>
> For purposes of determining legislative intent, we must assume that the legislature in enacting a provision has in mind previously enacted statutes relating to the same subject matter.

> As a result, the provision should be read, if possible, in accord with the legislative policy embodied in those prior statutes.

State v. Cheney, 261 NW2d 674, 676 (SD 1978) (internal quotations omitted) (citations omitted).

[¶9.] Here, we must assume that when the legislature adopted SDCL 21-3-2 and 21-3-6, the legislature had in mind the previously enacted SDCL 15-2-25. Therefore, since the legislature set forth prohibitions against commencing an action against a city until a city has notice and time to reply, it necessarily follows that the legislature intended SDCL 15-2-25 also to apply and that the "time of the prohibition" was to be excluded from the two year statute of limitations.

[¶10.] Other jurisdictions, which have interpreted statutes similar to SDCL 15-2-25, have reached similar conclusions.[1] For example, the Supreme Court of Wisconsin analyzed a statute identical to SDCL 15-2-25 both in relation to the requirement that a city be given notice of a personal injury claim and in relation to the requirement that the city be given 120 days to accept or reject a claim. Colby v. Columbia Co., 550 NW2d 124, 127-28 (Wis 1996) (analyzing Wis Stat 893.23). The court held that the 120-day period should be excluded from the statute of

---

1. *See* California Cigarette Concessions, Inc. v. City of Los Angeles, 350 P2d 715 (Cal 1960); Dillon v. Board of Pension Comm'rs, 116 P2d 37 (Cal 1941); City of Atlanta v. Truitt, 190 SE 369 (GaCtApp 1937); Unadilla v. Felder, 89 SE 423 (Ga 1916); Woodcrest Constr. Co. v. City of New York, 57 NYS2d 498 (NY 1945); Amex Asphalt Corp. v. City of New York, 33 NYS2d 182 (NYAppDiv 1942); Brehm v. City of New York, 10 NE 158 (NY 1887); Colby v. Columbia County, 550 NW2d 124 (Wis 1996).

limitations.[2] *Id.* at 131. The court noted that although extending the statute of limitations frustrated the purpose of such statutes in ensuring prompt litigation, the solution to the conflict was "a matter reserved to the province of the legislature." *Id.*

[¶11.] Similarly, the California Supreme Court also excluded the period of time where a claimant is statutorily prohibited from commencing an action from the statute of limitations. California's Civil Code, which South Dakota adopted, contains CAL CIV PROC § 356, a provision identical to SDCL 15-2-25. The California Supreme Court held that § 356 suspends the running of the statute of limitations and noted that "[i]t is well recognized that the running of the statute of limitations is suspended during any period in which the plaintiff is legally prevented from taking action to protect his rights." Dillon v. Bd. of Pension Comm'rs, 116 P2d 37, 39 (Cal 1941).

---

2. The Wisconsin Supreme Court reviewed the developed body of New York case law in this area. New York's statutory framework includes NY CPLR LAW §204 (a), a statute almost identical to SDCL 15-2-25. *See* NY CPLR LAW § 204 (a) (McKinney 2006). After the New York Court of Appeals determined that the statute prohibited the commencement of an action until the city had rejected the claim, the court excluded the three month period from the statute of limitations. Mulligan v. Westchester County, 71 NYS2d 153 (NYAppDiv 1947).

   The New York Court of Appeal's interpretation of § 204(a) resulted in varying periods of limitations for claimants bringing actions against various quasi-governmental entities. *Colby*, 550 NW2d at 130. Consequently, the New York legislature sought to create uniformity by enacting a uniform statute of limitations for all tort actions against cities, counties, towns, villages, fire districts, and school districts. *See* NY Gen Mun Law § 50-i (McKinney 2006). In addition, the legislature also specifically provided that neither the notice requirement nor the three month waiting period would operate to extend the statute of limitations period. *See id.*

[¶12.] Thus, the statutes prohibited Loesch from commencing his cause of action against the City from the time he gave notice under SDCL 3-21-2 until the City responded or until ninety days had passed. The City failed to respond within the ninety days. Consequently, the statute of limitations was tolled from the time Loesch gave notice to the City until the passage of ninety days. Accordingly, Loesch had until August 1, 2005, to file suit against the City. Thus, the trial court erred in granting the City's motion for judgment on the pleadings.

*Nuisance*

[¶13.] Loesch also argues that the trial court erred in dismissing his nuisance claim because the trial court found that the City maintained the road under statutory authority. Statutorily authorized actions or maintenance are specifically exempt from being considered a nuisance under SDCL 21-10-2. The statute provides: "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." SDCL 21-10-2. Because the City was repairing and maintaining the road pursuant to a statutory obligation, the trial court did not err in concluding that the City's acts did not constitute a nuisance. *See* Krier v. Dell Rapids Twp., 2006 SD 10, ¶19, 709 NW2d 841, 846; Hedel-Ostrowski v. City of Spearfish, 2004 SD 55, ¶13, 679 NW2d 491, 497.

[¶14.] We affirm in part, reverse in part and remand for further proceedings consistent with this opinion.

[¶15.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.