KONENKAMP, Justice
(concurring specially).
[¶ 30.] Today we examine for the first time the full extent of a 1939 statute on municipal liability for street maintenance and construction. We conclude that the Legislature has strictly limited municipal liability for city streets to instances where the city fails to provide guards for an “abandoned” highway or neglects to timely repair or guard a “highway, culvert, or bridge ... damaged by flood, fire or other cause[J” SDCL 31-32-10.
[¶31.] This is a sharp change in direction. Almost from the time of statehood, cities have been liable under the common law for negligence in failing to maintain streets in a reasonably safe condition for the traveling public.[7] Beginning *908 in 1915, however, and continuing in 1919, South Dakota “entered upon a new era of highway construction.” Hanigan v. Minnehaha County, 47 S.D. 606, 201 N.W. 522, 522 (1924). In those years, the Legislature began to enact “comprehensive” laws to divide among government entities responsibility and accountability on the construction and maintenance of highways. Id. Counties and townships, previously immune under the common law, were laid open to negligence liability, along with cities and towns, for failure to keep public highways “safe, passable and free from danger from accident or injury to persons or property.” Revised Code of 1919, § 8589.
[¶ 82.] As the Court capably explains here, once having embraced the entire subject of highway liability in the early twentieth century, the Legislature then acted to limit that liability in 1939, with the enactment of the predecessor to SDCL 31-32-10 (SDC § 28.0913). Legislative intent to abrogate a common-law rule may be shown expressly when the language “ ‘speaks directly’ to the question addressed by the common law.” Rios v. Nicholson, 490 F.3d 928, 931 (Fed.Cir. 2007) (quoting United States v. Texas, 507 U.S. 529, 534, 113 S.Ct. 1631, 1634, 123 L.Ed.2d 245 (1993)); see also Midlantic Nat’l Bank v. N.J. Dept. of Envtl. Prot., 474 U.S. 494, 501, 106 S.Ct. 755, 759, 88 L.Ed.2d 859 (1986); Isbrandtsen Co. v. Johnson, 343 U.S. 779, 783, 72 S.Ct. 1011, 1014-15, 96 L.Ed. 1294 (1952). From the language of the statute, it is clear the Legislature spoke directly to the question addressed by the common law.
[¶ 33.] South Dakota is not the only state to limit governmental liability for highway construction and design. As society became more mobile in the last century, with the increasing role motor vehicles played in every facet of American life, government officials struggled with ways to contain the costs of building and maintaining safe roads. See generally Don F. Vacearo, Annotation, Liability of Governmental Entity or Public Officer for Personal Injury or Damages Arising Out of Vehicular Accident Due to Negligent or Defective Design of a Highway, 45 A.L.R.3d 875 (1972). A sovereign power has the authority to limit its lawsuit liability. McKellips v. Mackintosh, 475 N.W.2d 926, 929 (S.D.1991). In South Dakota, common-law rules remain in force “except *909 where they conflict with the will of the sovereign power,” embodied in our constitution and statutes. Id. (citing SDCL 1-1-24; SDCL 1-1-23).
[¶ 34.] A troubling question arises: Why are we only discovering now that a statute enacted almost seventy years ago must be given effect after today? The answer is that until today, this Court has never been called upon to decide whether a municipal corporation’s common-law duty to maintain streets in a reasonably safe condition has been abrogated by legislation. While there have been cases examining the language of the 1939 statute, along with its predecessors and later amendments, no case involved a claim against a municipality where that statute was raised.[8]
[¶ 35.] Nonetheless, there remains a considerable body of law retaining municipal common-law liability, and today’s opinion should be read narrowly. This Court has recognized causes of action against municipalities for negligence arising from many functions other than the duty to maintain streets. See Elkjer v. City of Rapid City, 2005 SD 45, 695 N.W.2d 235 (defective water service lines); Pierce v. City of Belle Fourche, 2001 SD 41, 624 N.W.2d 353 (city owed a duty of reasonable care in the operation of its airport); Oien v. City of Sioux Falls, 393 N.W.2d 286 (S.D.1986) (maintenance of a city pool); Rikansrud v. City of Canton, 79 S.D. 592, 116 N.W.2d 234 (1962) (maintenance of sewer or water utilities); Bucholz v. City of Sioux Falls, 77 S.D. 322, 91 N.W.2d 606 (1958) (maintenance of a city hall); Orrison v. City of Rapid City, 76 S.D. 145, 74 N.W.2d 489 (1956) (maintenance of a swimming pool dressing room); Glirbas v. City of Sioux Falls, 64 S.D. 45, 264 N.W. 196 (1935) (maintenance of a swimming pool); Norberg v. Hagna, 46 S.D. 568, 195 N.W. 438 (1923) (municipality’s liability for placement of a diving board in a park swimming pool).
[¶ 36.] A question that should be left open here is what influence our ruling will have on our numerous precedents dealing with sidewalks. In today’s opinion, the Court explicitly overrules language mentioning municipal street and sidewalk liability in several cases, but ultimately some of these cases deal only with sidewalks.[9] It is true that streets and sidewalks have often been referred to without distinction. Norberg, 46 S.D. 568, 195 N.W. at 440 (“A municipal corporation is liable for negligence in permitting obstructions or defects in its streets and sidewalks.”). A majority of cases have defined a sidewalk as a walkway that is part of the street. See Hos-kinson v. City of Iowa City, 621 N.W.2d 425, 428 (Iowa 2001) and cases cited therein. But even if sidewalks are to be considered as parts of streets, a question we should not reach now, not all so-called sidewalks are attached to or alongside streets. Id. Consequently, these issues must await another case.
[¶ 37.] Finally, it must be candidly acknowledged that our purported new rule here is, in actuality, merely dictum. Although we declare that, after today, munie- *910 ipal common law liability for injuries arising out of negligent failure to keep • city streets in safe condition for travel stands abrogated by legislative enactment, our decision is entirely prospective. It does not resolve the issue here or apply to the parties in this case. “Obviously language purporting to overrule a case prospectively only is dictum, for it is inapplicable to the parties or the controversy before the court. In future cases the court will not be bound to follow this dictum, and therefore the overruling is but a myth.” Candler S. Rogers, Perspectives on Prospective Overruling, 36 UMKCLRev 35, 46-47 (1968). This, in no way, detracts from the legitimacy or fairness of our decision.[10] Indeed, “[elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted.” Landgraf v. USI Film Prods., 511 U.S. 244, 265, 114 S.Ct. 1483, 1497, 128 L.Ed.2d 229 (1994).
[¶ 38.] By understanding and acknowledging that our decision is dictum, we enable further development, refinement, and possible reexamination when the next case arises and we are called upon to actually apply the new rule. In the meantime, our Legislature will also have an opportunity to reconsider the 1939 law to decide if it truly wants to immunize the type of circumstances that occurred in this case.
[¶ 39.] MILLER, Retired Justice, joins this special writing.

. This Court has repeatedly recognized the common-law duty of municipalities to main *908 tain streets and sidewalks in a reasonably safe condition. Bohl v. City of Dell Rapids, 15 S.D. 619, 91 N.W. 315 (1902); Jones v. City of Sioux Falls, 18 S.D. 477, 101 N.W. 43 (1904); Fritz v. City of Watertown, 21 S.D. 280, 111 N.W. 630 (1907); Smith v. City of Yankton, 23 S.D. 352, 121 N.W. 848 (1909); Connell v. City of Canton, 24 S.D. 572, 124 N.W. 839 (1910); Rowe v. Richards, 32 S.D. 66, 142 N.W. 664 (1913), ovemiled on other grounds, Ulvig v. McKennan Hosp., 56 S.D. 509, 229 N.W. 383 (1930); Keen v. City of Mitchell, 37 S.D. 247, 157 N.W. 1049 (1916); Gellenbeck v. City of Mobridge, 40 S.D. 157, 166 N.W. 631 (1918); Stewart v. City of Watertown, 43 S.D. 489, 180 N.W. 945 (1921); Schuler v. City of Mobridge, 44 S.D. 488, 184 N.W. 281 (1921); Doolin v. City of Winner, 48 S.D. 400, 204 N.W. 899 (1925); Usletten v. City of Brookings, 59 S.D. 477, 240 N.W. 851 (1932); Drake v. City of Mobridge, 60 S.D. 79, 243 N.W. 429 (1932); Hermandson v. City of Canton, 60 S.D. 367, 244 N.W. 525 (1932); Fenton v. Ackerman, 66 S.D. 465, 285 N.W. 516 (1939); Kimball v. City of Sioux Falls, 71 S.D. 35, 20 N.W.2d 873 (1945); Gurney v. Rapid City, 74 S.D. 194, 50 N.W.2d 360 (1951); Poppen v. City of Watertown, 74 S.D. 402, 53 N.W.2d 616 (1952); Brandner v. City of Aberdeen, 78 S.D. 574, 105 N.W.2d 665 (1960), abrogated on other grounds, Mount v. City of Vermillion, 250 N.W.2d 686 (S.D.1977); Luther v. City of Winner, 2004 SD 1, 674 N.W.2d 339 (claim against city for injury caused by a dangerous sidewalk); Loesch v. City of Huron, 2006 SD 93, 723 N.W.2d 694 (bicyclist injured while riding on a city street); see also Budahl v. Gordon and David Assocs., 323 N.W.2d 853 (S.D.1982) (Henderson, J., concurring specially).

. Even as recently as two years ago we let stand a personal injury suit against a city on a claim that a bicyclist was injured by the city's negligence in failing to maintain its streets in a reasonably safe condition. Loesch, 2006 SD 93, ¶ 12, 723 N.W.2d at 698. But there again, SDCL 31-32-10 was not raised. Id.

. Gurney, 74 S.D. at 197, 50 N.W.2d at 361, Poppen, 74 S.D. at 404, 53 N.W.2d at 617, and Rapid City v. First Nat' Bank of the Black Hills, 79 S.D. 38, 40, 107 N.W.2d 693, 694 (1961) are sidewalk cases. Bucholz, is a city shooting gallery case. 77 S.D. at 324, 91 N.W.2d at 607. Although the Court does not intend to overrule these cases entirely, that point should be made explicit.

. It is important to point out, however, that our prospective ruling may be more properly labeled "judicial dictum.” "Judicial dicta are conclusions that have been briefed, argued, and given full consideration even though admittedly unnecessary to decision. A judicial dictum may have great weight.” Ceno Metal Products v. Marshall, 620 F.2d 964, 978 n. 39 (3d.Cir.1980). Thus, in future cases this Court may choose to be bound by this new rule as a matter of sound judicial policy. See Walter v. Schaefer, Prospective Rulings: Two Perspectives, Sup.Ct.Rev. 1, 22 (1982). See also Bradley Scott Shannon, The Retroactive and Prospective Application of Judicial Decisions, 26 HarvJ.L. & Pub.Pol'y 811 (2003).