STATE ex rel, ISAACSON, Appellant v. PARKER, Superintendent of Schools, Respondent.

(166 N. W. 309.)

(File No. 4250.    Opinion filed February 14, 1918.    Rehearing denied March 26, 1918.)

**Prohibition—School District, Formation of Consolidated, Vote For—Statute—Certifying Election Returns, Whether "Ministerial Act"—Prohibition as Remedy.**

Where, under a petition for writ of prohibition to prohibit defendant county superintendent of schools from taking further proceedings in formation of a consolidated school district, it appeared that school officers, acting under Laws 1913, Ch. 194, Sec. 3, as amended by Laws 1915, Ch. 164, found and certified, as the result of an election to determine whether such consolidation should be made, that three-fourths or more of the votes were in favor of consolidation, held, that such return is in the nature of a mandate to the superintendent to proceed with formation of the district, and nothing is left to his discretion; that prohibition is not the proper remedy to restrain purely ministerial acts, a "ministerial act or duty" being one which is to be performed under a given state of facts, in a prescribed manner, in obedience to legal authority, and without regard to or the exercise of judgment of the one doing it on the propriety of the act.

Appeal from Circuit Court, Hamlin County, Hon. Carl G Sherwood, Judge.

Petition for writ of prohibition, by the State of South Dakota on the relation of Isaac S. Isaacson, against Elliott A. Parker, Superintendent of Schools in and for Hamlin County, S. D. From an order quashing an alternative writ, The State appeals. Order affirmed.

W. N. Skinner, and Eugene P. Campbell, for Appellant.

Linstrom & Benthin, and M. J. Russell, for Respondent.

Appellant cited: Code Civ. Proc. Sec. 777; State ex rel Cain v. Toomey (S. D.), 129 N. W., 563; Williams v. Lewis (Idaho), 54 Pac., 619.

Respondent cited: Laws 1915, ch. 164, Sec. 3; Stephens v. Jones 24 S. Dak. 97; 123 N. W. 705; Kern v. Board of

Sup're St. Clair County et al, 160 Michigan 11; 124 N. W. 941; State v. Menzie 17 So. Dak. 575; 97 N. W. 745; State ex rel Byrne v. Ewert, 36 So. Dak. 622; 156 N. W. 90.

POLLEY, J.  This is an appeal from an order quashing an alternative writ of prohibition.  A petition was filed in the office of the superintendent of schools of Hamlin county, asking for the formation of a consolidated school district in conformity with a certain plan that had theretofore been approved by the superintendent of public instruction.  Thereupon the defendant, who is the county superintendent of said county, proceeded to call the election provided for by section 3, c.. 194, L. 1913, as amended by chapter 164, L. 1915, to determine whether said district should be formed or not, and gave the required notices of the time and place where such election would be held.  The plaintiff, contending that the said petition was insufficient to authorize the formation of such school district, sued out an alternative writ of prohibition, prohibiting and restraining said defendant from taking further proceedings in the matter.  Upon defendant's motion, the trial court quashed the said alternative writ and dismissed the cause upon the ground as stated in the order, that the proceedings of the defendant attempted to be restrained by the alternative writ are purely ministerial, and that prohibition is not the proper remedy.

In support of the order appealed from respondent contends that the acts sought to be restrained are purely ministerial, and that, for that reason, they cannot be restrained by the writ of prohibition.  That prohibition is not the proper remedy to restrain purely ministerial acts was so thoroughly put to rest, so far as this court is concerned, by what is said in State v. Ewert, 36 S. D. 622, 156 N. W. 90, that further discussion of the subject would be a work of supererogation.

The only question then to be determined is:  Are the acts of the defendant that plaintiff is seeking to restrain purely ministerial, or do they come within that class of acts commonly designated as judicial or quasi judicial?

It appears from the record that the alternative writ was not issued until the day on which the election was to be held.  Under the provisions of chapter 164, L. 1915, the voters who attend the election shall elect a chairman and secretary who shall

hold the election and certify the result thereof to the county superintendent. If it appears from the return made by such officers that three-fourths or more of the votes were in favor of the consolidation, the superintendent shall then proceed with the formation and organization of such district; but in doing this the superintendent acts wholly upon the return made by the election officers. This return is in the nature of a mandate to him to proceed with the formation of the district as directed by the statute, and nothing whatever is left to his discretion. He is not authorized to exercise any discretion or judgment in the matter. The law not only provides just what he is to do, but provides the various steps he shall take to complete the formation and organization of such consolidated district. Such acts, under the rule announced by this court in Stephens et al. v. Jones et al., 24 S. D. 97, 123, N. W. 705, are purely ministeral acts. In that case it is said:

"A ministerial act or duty is one which is to be performed under a given state of facts, in a prescribed manner in obedience to the mandate of legal authority, and without regard to or exercise of the judgment of the one doing it upon the propriety of the act being done."

The order appealed from is affirmed at relator's cost.