SAUER, Appellant
v.
BOWDLE IND. SCH. DIST. NO. 36 et al., Respondents

(212 N.W.2d 499)

(File No. 11185. Opinion filed November 21, 1973)

Order denying petition for rehearing January 8, 1974

Maloney, Kolker, Kolker & Fritz, Aberdeen, for plaintiff and appellant.

Robbins & Von Wald, Selby, for defendants and respondents.

DUNN, Justice.

The appellant in this case was a teacher in the Bowdle Independent School District No. 36. In the spring of 1972 the school board decided not to renew appellant's contract for the following school year. By letter dated February 29, 1972 the Superintendent of the Bowdle school informed appellant that he was not going to recommend him for a teaching position for the next school term. Following a meeting of the board on March 7, 1972 appellant received a letter from the clerk of the Bowdle school, the second paragraph of which stated:

> "After a discussion of the recommendation made by Mr. Ochsner, a motion was made by Metzger, seconded by Nies, not to renew the contract of Mr. Sauer for the 1972-73 school term. Motion carried by a unanimous 'yes' vote."

On April 11, 1972 appellant received a notice of the board's final determination not to rehire him for the next school term.

On May 29, 1972 appellant commenced an action by complaint in circuit court seeking a writ of mandamus to compel defendant school board to issue an employment contract to him in accordance with the continuing contract provision of SDCL 13-43-10, and also a writ of prohibition directing the board to

cease conducting interviews for his replacement. Appellant also sought temporary injunctive relief pending final decision in the matter. The school board and other defendants filed an answer and counterclaim in which they sought, among other things, to have the appellant's complaint dismissed for failure to state a claim upon which relief could be granted. The temporary injunction and the motion to dismiss came on for hearing before the trial court on June 22, 1972. After hearing and submission of briefs the trial court issued its order on July 28, 1972 dismissing plaintiff's complaint primarily on the grounds that appellant had an adequate and complete remedy provided by appeal under SDCL 13-46. Even though appellant was still within the 90-day appeal period provided by SDCL 13-46, he chose to appeal the judgment of dismissal to this Court contending that mandamus was a proper remedy to require a contract to be issued under the continuing contract statute in instances of failure to give notice of determination as required by law. Appellant contends that the notices given by the board would not meet the requirements of SDCL 13-43-9.1, 13-43-10 and 13-43-10.1. These statutes provide:

> "13-43-9.1. *Notice to teacher of intent to recommend nonrenewal of contract—Personal evaluation file available—Informal conference.*—At least twenty days prior to the giving of the notice set forth in SDCL 13-43-10, the board of education shall notify in writing a teacher of its intention not to renew the teacher's contract or the superintendent or school administrator shall so notify the teacher of any intention on his part to recommend to the board of education that it not renew the teacher's contract; and within said twenty-day period, the board of education, or if applicable, the superintendent or other administrator, shall, as soon as practicable and upon written request of the teacher, make available to the teacher for review his personal evaluation file, advise him in writing of the reasons on which the intention not to renew or not to recommend for renewal is based, and afford the teacher an informal, private conference before the board, or, if applicable, before the superintendent or other administrator.

This provision shall in no manner restrict the board of education in taking action, or the superintendent or other school administrator in making recommendations to the board, based on relevant circumstances which occur within said twenty-day period, but, in such event, notice thereof shall be given to the teacher as soon as practicable."

"13-43-10. *Date of notice of board's intention not to renew contract—Failure to give notice as offer to renew —Change of terms by mutual agreement.*—Any teacher who has been employed by any board of education of any school district in this state for at least two successive years shall be notified in writing by the board of education on or before the first day of April of the current year of the board's determination not to renew the teacher's contract for the ensuing school year, and failure to give such written notice on or before said date shall constitute an offer on the part of the board to renew the contract for the ensuing school year under the same terms and conditions as the contract for the then current year. Different terms and conditions may be mutually agreed upon by the board and teacher at any later time."

"13-43-10.1. *Hearing on determination not to renew contract—Evaluation file available—Appeal.*—Any teacher to whom notification has been given as provided in SDCL 13-43-10, may within seven days after receipt of the same, request in writing a hearing before the board, meeting in executive session, at which hearing the board shall state the reasons for its determination. Further, upon request of the teacher, the board, as soon as practicable and in advance of any such hearing, shall make available to the teacher for review his personal evaluation file and shall advise him in writing of the reasons upon which said notification is based. All statements made or evidence presented at any hearing in executive session will be deemed privileged communications. Such hearing shall be held by the board within

seven days after receipt of such request for a hearing. At such hearing the teacher and the board each upon two days' notice in writing to the other party may have counsel present and shall have full opportunity to present all relevant evidence. After considering all the relevant evidence the board shall sustain or revoke its original determination. Written notice of the final determination shall be delivered to that teacher within seven days after the hearing. The ultimate determination of the board shall be final. A teacher aggrieved by such final determination shall have the right of appeal therefrom as provided in SDCL 13-46-1."

There was no twenty-day interval between the February 29th and the March 7th notices, and the April 11th notice would be too late under 13-43-10. However, there is not much doubt that a decision was made not to rehire the appellant for the 1972-73 school year, and that he had actual though faulty notice of this decision under the appropriate statutes.

The real question here is whether appellant could proceed by mandamus and prohibition or whether his proper remedy was an appeal of the board's decision to the circuit court under SDCL 13-46.

Generally mandamus, as an extraordinary remedy, will not lie when the plaintiff had another adequate and complete remedy such as appeal. SDCL 21-29-2; 53 Am.Jur.2d, Mandamus, § 242, p. 569. This Court in Olson v. Pulaski Common School District, 77 S.D. 416, 92 N.W.2d 678 stated:

" 'Mandamus is a remedy for inaction, to compel the performance of an act'. SDC 37.4501. It may be used only 'where there is not a plain, speedy, and adequate remedy, in the ordinary course of law'."

Appellant takes the position that he could not appeal under Chapter 13-46 because the board had not complied with all of the requirements of notice under SDCL 13-43-9.1, and hearing under SDCL 13-43-10.1. This would seem to be a very narrow interpretation of SDCL 13-46-1 which states:

> "13-46-1. *Right to appeal to circuit court from decision by county or school district official—Time of taking appeal.*—From a decision made by a county superintendent, by any school board, or by a special committee created under any provision of the school law relative to a school or school district matter or in respect to any act or proceeding in which such officer, board, or committee purports or assumes to act, an appeal may be taken to the circuit court by any person aggrieved, or by any party to the proceedings, or by any school district interested, within ninety days after the rendering of such decision. Provided, however, that all legal actions relative to bond issues must be started within ten days."

■ This appeal statute does not seem restrictive. In fact it allows appeals "in respect to any act or proceeding in which such officer, board, or committee purports or assumes to act". This would include purporting to act on improper notice or without proper hearing.

Whether or not the various notices of February 29, March 8, and April 11, 1972 are in compliance with the statute is a question, but there is no question that the appellant learned from all of this that the board, at least purportedly, was not going to rehire him for the 1972-73 school year. He acted upon that knowledge in seeking this writ of mandamus and prohibition, which he had no right to do if he had an adequate and complete remedy on appeal.

It seems clear that appellant had the right of appeal from this "purported" act of the board. The remaining question is whether it was an adequate and complete remedy under the circumstances. Appellant seems to contend that if he did not immediately enforce the provisions of the automatic renewal statute (13-43-10) the board would proceed to hire a replacement, thus giving cause for the extraordinary remedies of mandamus and prohibition.

■ Once the trial court took jurisdiction of this matter on appeal, and certainly after determining that the appeal was not

frivolous, it would be in a position to order a stay of all proceedings until a decision was made. SDCL 13-46-6 states:

> "13-46-6. *Trial de novo in circuit court—Judgment or order—Enforcement.*—The trial in the circuit court shall be de novo according to the rules relating to special proceedings of a civil nature so far as such rules are applicable and not in conflict with the provisions of this chapter and the court shall enter such final judgment or order as the circumstances and every right of the case may require and such judgment or order may be enforced by writ of execution, mandamus, or prohibition, or by attachment as for contempt."

Appellant could attain all of the relief under this statute that he now seeks in these special proceedings even including mandamus and prohibition if the court felt it necessary to so order.

Appellant pleads in his brief for a "well defined, simply stated, and understood remedy when their contractual position is unknown". This was given to him in Chapter 13-46; it covers any conceivable situation where a teacher is aggrieved. Yet appellant chose to pursue some other course without resorting to the complete and adequate remedy provided for him on appeal.

The judgment of the trial court dismissing the complaint is affirmed.

BIEGELMEIER, C. J., and WINANS, J., concur.

WOLLMAN and DOYLE, JJ., dissent.

WOLLMAN, Justice (dissenting).

If appellant's suit is treated as one seeking review of the merits of his termination, then I agree that the remedy would be by way of appeal under SDCL 13-46-1 and 13-43-10.1. If, however, the case is viewed as one brought to enforce the automatic contract renewal provisions of SDCL 13-43-10, as I think it must be, then appellant proceeded properly in bringing a

mandamus action since he was not seeking review of the Board's decision or purported action, but rather was seeking to compel the performance of an act—the formal tendering of a contract for the following school year—required to be performed by the Board as a consequence of its failure to give appellant the notice required by SDCL 13-43-9.1.

DOYLE, Justice (dissenting).

The majority seems to imply that school boards are not required to follow the notice requirements set forth in the applicable statutes. I believe the consequences are manifest. If school boards are not held to the prescribed notice requirements, we will be destroying one of the safeguards against arbitrary and capricious action on the part of school boards. Thus, where the patent purpose of the legislature in passing the involved statutes was to protect a teacher's welfare, the majority would construe the statutes in a manner leading to a contrary result.

Further, it is my opinion that SDCL 13-43-10 plainly provides that failure of the board to adhere to the notice requirements results in the automatic renewal of the teacher's contract. In my view, and I believe the majority concedes this, the school board proceeded improperly. Therefore, the appellant has a contract as a matter of law. The majority is now depriving the appellant of a contract which by law had already been conferred upon him. It is a singular case when one loses what the law has in one instance provided when attempting only to enforce one's right to that conferred.