MURRAY, Appellant v. SIOUX FALLS BD. OF ED., et al., Respondents

(225 N.W. 2d 589)

(File No. 11430. Opinion filed February 3, 1975)

**David V. Vrooman**, Sioux Falls, for plaintiff and appellant.

**Deming Smith** of **Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for defendants and respondents.

DUNN, Chief Justice.

The plaintiff, Teresa Murray, was denied access to classes at Lincoln High School under a board policy establishing boundary lines for attendance areas of Washington and Lincoln High Schools in Sioux Falls, South Dakota. She sought injunctive relief in circuit court which was denied for the reason that the action was not instituted within the 90 days provided for appeal of a final board action under SDCL 13-46-1. She appeals from this order. We affirm.

Pursuant to board policy No. 5117, the school administration established boundary lines for the attendance areas of Washington and Lincoln High Schools. In August 1970, the Murray family moved from 2905 South Second Avenue, in the Lincoln High attendance area, to 4905 Cottonwood, which was in the

Washington High attendance area. Teresa Murray enrolled at Lincoln High in August 1972, giving her correct address of 4905 Cottonwood. Due to the fact that Cottonwood was a new street, the school authorities did not immediately recognize the address as being in the Washington High attendance area. This was later brought to their attention, and in March 1973, Teresa was informed that she could complete her sophomore year at Lincoln, but that she would have to transfer to Washington for her junior and senior years. On April 25, 1973, Dr. Harris, superintendent of schools, gave formal notice of this decision to Teresa's parents. No appeal was taken from this decision. Rather, Teresa registered at Lincoln High for her junior year giving an incorrect address. When this fact came to light, she was ordered to transfer to Washington at the end of the first quarter of school. This suit followed wherein a temporary restraining order was granted, and Teresa has been attending Lincoln High School under this temporary order to date.

█ In carrying out board policy, the superintendent's letter of April 25, 1973, was a notification of a final decision of the board properly appealable under SDCL 13-46-1. No appeal was taken within the 90-day period provided, and the trial court properly dismissed the action. Hall v. Salem Ind. Sch. Dist. No. 17, 1974, 88 S.D. 202, 217 N.W.2d 160. Nor can injunction be used as a substitute for the appeal provided in SDCL 13-46-1. Sauer v. Bowdle Independent School District No. 36, 1973, 87 S.D. 584, 212 N.W.2d 499.

█ The contention of plaintiff that the time was extended because of the fact that the administration had to again order Teresa Murray to leave Lincoln High School is untenable. She cannot be permitted to benefit from her attempt to deceive the school authorities by giving an incorrect address.

The judgment of the trial court is affirmed.

WINANS and WOLLMAN and DOYLE, JJ., concur.

COLER, J., dissents.

COLER, Justice (dissenting).

I would reverse and remand the case with direction to grant the injunction. As stated in the majority opinion the "school administration" adopted the attendance areas. The board policy left the entire matter up to the administration and took no action itself to adopt or ratify the act of the administration consisting solely of drawing a general map of the City of Sioux Falls which did not indicate the street upon which petitioner actually resided.

SDCL 13-28-19 grants authority to the independent school board to "assign and distribute the resident students eligible for secondary education among the high schools in the district." The legislature may delegate such a legislative function and has done so. "In the exercise of such delegated authority, the board acts as the agent of the legislature and its power is limited by the statute vesting the authority." Sunnywood Common School District No. 46 of Minnehaha County v. County Board of Education of Minnehaha County, 1964, 81 S.D. 110, 131 N.W.2d 105. The board cannot delegate its authority to the superintendent of schools or other officers as it attempted to do by policy statements designated as Policy 5117 and 5119. Camp Crook Ind. Dist. v. Shevling, 1936, 65 S.D. 14, 270 N.W. 518; 78 C.J.S. Schools and School Districts § 99, p. 848. This is true because, as stated in Sutherland on Statutory Construction, 4th Ed., § 4.14, "When the power delegated is legislative, the purpose of a plural-headed agency is defeated if subdelegation is permitted. The legislative desire for multiple judgment in rule-making would be defeated."