**Gerald J. CUTSHAW, Plaintiff and Appellant,**

v.

**Ruth KARIM, Howard Hutchings, Robert Nystrom, William Sahr, and Robert Shay, as Individuals and as members of the Board of Education, Pierre Independent School District # 1, Defendants and Respondents.**

**No. 12039.**

Supreme Court of South Dakota.

Aug. 5, 1977.

Robert B. Looby, Pierre, for plaintiff and appellant.

Charles M. Thompson, May, Adam, Gerdes & Thompson, Oren P. Coler, Pierre, for defendants and respondents.

TICE, Circuit Judge.

This action was brought against the members of the Board of Education of Pierre Independent School District No. 1 (Board) by Gerald J. Cutshaw, a teacher who had been continuously employed by the defendants beginning with the 1971–1972 academic year. He alleges that he was not properly notified of the Board's determination not to renew his teaching contract for the 1976–1977 school term and that he is, therefore, entitled to reinstatement under the terms of his prior contract and to $25,000 as punitive damages. The trial court granted the defendants' motion for summary judgment on all issues. The plaintiff appeals from that decision. This court affirms the decision of the trial court.

The source of this dispute was a letter to Mr. Cutshaw dated March 23, 1976. The letter reads as follows:

"Dear Mr. Cutshaw:

"The Pierre Board of Education, School District # 1, Pierre, South Dakota, meeting in special session at 8:00 a.m. this morning passed the following motion:

"Mr. Gerald Cutshaw is to be informed of the Board's determination not to renew his teaching contract for the 1976–77 school term. This notice is in compliance with SDCL 13–43–10. A copy of this statute and 13–43–10.1 are enclosed for your information.

Sincerely,
Darwin G. Tessier
Superintendent
Pierre Public Schools"

No evidence has been presented to suggest that the Board meeting was improper, or that the letter was not written at the direction of the Board, or that it was not timely delivered to the plaintiff. Rather, the plaintiff claims that the letter is insufficient because it was not signed by the Board itself.

The statute relied upon by the plaintiff in his assertion that he is entitled to reinstatement because the statutory notification requirements were not met is SDCL 13–43–10, which states:

"Not earlier than fourteen days nor later than twenty-one days after the notice of intent as provided in § 13–43–9.1, such teacher shall be notified in writing *by the board* of the board's determination not to renew the teacher's contract for the ensuing school year. Failure by the board or the superintendent to comply with the provisions and notices of §§ 13–43–9.1 and 13–43–10 shall constitute an offer on the part of the board to renew the contract for the ensuing school year under the same terms and conditions as the contract for the then current year. Different terms and conditions may be mutually agreed upon by the board and teacher at any later time."

It is the plaintiff's position that this statute must be strictly interpreted by the court. He contends that since the Board did not sign the notification letter, the provision of the statute requiring notice *by the Board* has not been met. Therefore, he alleges, his contract was automatically renewed and he is entitled to reinstatement as a matter of law.

While there have been cases which support the principle that a statute of this nature should be strictly interpreted, *Perry v. Independent School District No. 696*, 1973, 297 Minn. 197, 210 N.W.2d 283; *Knickerbocker v. Redlands High School District*, 1942, 49 Cal.App.2d 722, 122 P.2d 289; *Weckerly v. Mona Shores Board of Education*, 1972, 388 Mich. 731, 202 N.W.2d 777, this court does not find that, even under the strictest interpretation, the notice is insufficient. The validity of the notice depends on whether or not the Board's delegation of the purely ministerial duty of communicating its termination notice to Mr. Cutshaw contravenes the notification requirements of SDCL 13–43–10. While the Board may not delegate duties which are decisional in nature, delegation is proper where the duty is nonjudgmental and nondecisional in nature. *Noe v. Edmonds School Dist. No. 15 of Snohomish County*, 1973, 83 Wash.2d 97, 515 P.2d 977; *State ex rel. Rutherford v. Barberton Board of Education*, 1947, 148

Ohio St. 242, 74 N.E.2d 246; *Bessler v. Board of Ed. of Chartered Sch. Dist. No. 150*, 1973, 11 Ill.App.3d 210, 296 N.E.2d 89; *Gilliland v. Board of Ed. of Pleasant View Con. S.D.*, 1976, 35 Ill.App.3d 861, 343 N.E.2d 704; *Knickerbocker v. Redlands High School District, supra; State ex rel. Isaacson v. Parker*, 1918, 40 S.D. 102, 166 N.W. 309; *Murray v. Sioux Falls Board of Education*, 1975, S.D., 225 N.W.2d 589; *Steele v. Board of Trustees of Pittsburgh Pub. Schools*, 1932, 121 Cal.App. 419, 9 P.2d 217. Where the delegation involves the conveying of information only, the delegated task must be viewed as a ministerial one. While the statute requires the Board to notify the teacher in writing, it would be a strained construction to suggest that the legislature intended to preclude the Board from designating another party to convey the Board's notice. The course of action taken by the Board in notifying Mr. Cutshaw of its decision not to renew his contract constitutes substantial compliance with the notification requirements of SDCL 13–43–10, which we have held to be sufficient. *Blood v. Spring Creek No. 12, Common School District*, 1960, 78 S.D. 580, 105 N.W.2d 545.

Defendants contend that this action was improperly brought by the plaintiff in that while it is one which requests reinstatement, it is being brought as an ordinary civil action before the circuit court and not as an appeal from Board action under SDCL 13–46–1. That statute, in pertinent part, states:

"From a decision made by any school board * * * an appeal may be taken to the circuit court by any person aggrieved * * * within ninety days after the rendering of such decision."

This statute provides a specific and exclusive means of obtaining reversal of a school board's decision. It has been held by this court that extraordinary remedies "will not lie when the plaintiff had another adequate

and complete remedy such as appeal," *Sauer v. Bowdle Ind. Sch. Dist.,* 1974, 87 S.D. 584, 212 N.W.2d 499, 502. This case falls directly under the doctrine of *Sauer.* Here the plaintiff is seeking, *inter alia,* an extraordinary remedy, an injunction, where there was an appeal available under SDCL 13–46. See *Murray,* supra. Thus, we further hold that for the plaintiff to seek a reversal of the Board's decision he should have proceeded under SDCL 13–46.

The judgment of the trial court is affirmed.

All the Justices concur.

TICE, Jr., Circuit Judge, sitting for PORTER, Justice, disqualified.