**Cleo REIFF, Plaintiff and Appellant,**

v.

**AVON SCHOOL DISTRICT NO. 4–1 and Robert Ballard, Adella Mudder, Administratrix of the Estate of Roger Mudder, Deceased, Dale Tjeerdsma and Curtis Van Asperen, Individually and as Members of the Board of Education of Avon School District No. 4–1, Defendants and Appellees.**

**No. 16800.**

Supreme Court of South Dakota.

Considered on Briefs March 19, 1990.

Decided July 3, 1990.

Rehearing Denied Aug. 9, 1990.

John F. Cogley of Morgan, Theeler, Cogley & Pardnos, Mitchell, for plaintiff and appellant.

Timothy M. Gebhart of Davenport, Evans, Hurwitz & Smith, Sioux Falls, and Charles Rick Johnson of Johnson, Eklund & Davis, Gregory, for defendants and appellees.

GERKEN, Circuit Judge.

On April 21, 1987, the Avon School Board (all appellees will be referred to as the School Board) voted to renew Cleo Reiff's (Reiff's) contract as the school district's business manager. The employment contract later entered into for the 1987–88 school year began on July 1, 1987 and ended June 30, 1988. Following an executive session at its regular meeting on July 13, 1987, the School Board voted to terminate Reiff's contract effective immediately. Reiff was given no notice of any kind prior to the contract termination, was not provided with reasons for the termination and was not afforded a hearing prior to termination.

Reiff did not appeal School Board's decision within ninety days of the decision as required by SDCL 13–46–1. Instead, seven months after the decision, Reiff brought an action in circuit court against the School Board seeking to recover damages for the termination of her employment. Reiff's complaint contained five causes of action. The first alleged that the School Board breached its contract with her. The second alleged that the School Board violated fourteenth amendment procedural due process rights by not affording notice, reasons, or a hearing prior to termination. The third cause of action alleged that the School Board violated her first amendment rights by terminating her employment because of her 1987 active and vocal support of a former Avon School District superintendent when the School Board initiated proceedings not to renew that superintendent's contract. The fourth cause of action claimed intentional infliction of emotional distress. Reiff's fifth cause of action realleged the first four causes of action and was framed as an allegation that would allow an award of punitive damages. The second, third, and fifth causes of action were founded on 42 U.S.C. § 1983 (1983).

After Reiff's initial discovery, the School Board motioned the court to either dismiss the action for failure to state a claim upon which relief could be granted or to grant summary judgment on the pleadings. The court treated the motion as one for summary judgment and held that Reiff was not entitled to recover on any cause of action because she did not appeal the School Board decision in accordance with the demands of SDCL 13–46–1, in effect, depriving the court of jurisdiction and barring her action. Reiff's complaint and causes of action were dismissed upon the merits, with prejudice.

## ISSUE

WHETHER REIFF'S FAILURE TO APPEAL A SCHOOL BOARD DECISION TO THE CIRCUIT COURT PURSUANT TO SDCL 13–46–1 PRECLUDES HER FROM SUBSEQUENTLY PURSUING OTHER LEGAL REMEDIES IN THE CIRCUIT COURT?

Disposition of this case, both in the trial court and before this court, is controlled by SDCL 13–46–1. That statute, in pertinent part, provides:

From a decision made by any school board, or by a special committee created under any provision of the school law relative to a school or school district matter or in respect to any act or proceeding in which such officer, board, or committee purports or assumes to act, an appeal may be taken to the circuit court by any person aggrieved, or by any party to the proceedings, or by any school district interested, within ninety days after the rendering of such decision.

This court has often held that the appeal created by SDCL 13–46–1 is the exclusive means of challenging a school board decision. *Cutshaw v. Karim*, 256 N.W.2d 566 (S.D.1977); *Stene v. School Bd. of Beresford Ind. Sch. Dist. No. 68*, 87 S.D. 234, 206 N.W.2d 69 (1973); *Murray v. Sioux Falls Board of Education*, 88 S.D. 554, 225 N.W.2d 589 (1975); *Sauer v. Bowdle Independent School District No. 36*, 87 S.D. 584, 212 N.W.2d 499 (1973).

In *Cutshaw, supra,* a teacher brought an action in circuit court seeking reinstatement and punitive damages after his contract was not renewed. There, as here, the appellees contended that the action was improperly brought as an ordinary civil ac-

tion rather than as an appeal under SDCL 13-46-1. In affirming a summary judgment in favor of the appellees, this court stated that SDCL 13-46-1 "provides a specific and exclusive means of obtaining reversal of a school board's decision." *Id.* at 568. We went on to hold that any challenge to the school board's action should have proceeded under SDCL 13-46-1. *Id.* at 569. In *Murray, supra,* we held that since an appeal was not taken from the decision by the school board within the ninety day period provided by SDCL 13-46-1, the civil action commenced by the aggrieved party was properly dismissed.

This court in *Sauer, supra,* likewise made it clear that the same result applies when, as here, the appellant also claims violation of due process. In that case a school teacher, contending that the school board's action did not meet due process requirements, brought a mandamus action to compel the school board to renew his teaching contract. As in *Murray,* the trial court dismissed the action because the appellant had not appealed the school board's decision under SDCL 13-46-1. Again, we affirmed, stating that "This appeal statute does not seem restrictive. In fact it allows appeals 'in respect to any act or proceeding in which such officer, board, or committee purports or assumes to act.' This would include purporting to act on improper notice or without proper hearing." *Sauer, supra,* 87 S.D. at 589, 212 N.W.2d at 502. We further stated that:

> Appellant pleads in his brief for a 'well defined, simply stated, and understood remedy when their contractual position is unknown.' This was given to him in [SDCL] Chapter 13-46; it covers any conceivable situation where a teacher is aggrieved. Yet Appellant chose to pursue some other course without resorting to the complete and adequate remedy provided for him on appeal.

*Id.* 87 S.D. at 590, 212 N.W.2d at 503.

This court's decision in *Moran v. Rapid City Area School Dist.,* 281 N.W.2d 595 (S.D.1979), further demonstrates that SDCL 13-6-41 also applies to Reiff's cause of action based on violation of first amend-

ment rights. In *Moran* we said that the scope of review by the circuit court in SDCL ch. 13-46 hearing is limited to determining the legality of the school board's decision. *Id.* at 599. In so doing, the circuit court must examine whether statutory procedural requirements were complied with and must also determine whether state and federal constitutional requirements have been met. "A violation of an individual's due process, equal protection, first amendment, or other rights guaranteed by our state or federal constitutions, even if there is full compliance with the statutory [procedural] requirements, is grounds for a determination that the school board acted illegally and therefore [that] its decision was illegal." *Id.* at 599.

Clearly then, all of Reiff's causes of action, including her claimed violations of due process and first amendment rights, are within the scope of review afforded by SDCL 13-46-1. That statute "covers any conceivable situation where a teacher is aggrieved." *Sauer, supra,* 87 S.D. at 590, 212 N.W.2d at 503. In attempting to insulate her civil rights claims from SDCL 13-46-1 by relying upon a line of cases indicating that state remedies need not be exhausted before bringing a 42 U.S.C. § 1983 civil rights action in federal court, Reiff overlooks two crucial facts. First, SDCL 13-46-1 encompasses all of her causes of action. Second, SDCL 13-46-1 is jurisdictional. It is the only statute that grants state courts jurisdiction to review school board decisions. Unless that statute and its remedy are relied upon, jurisdiction to adjudicate claims arising out of a school board decision is lacking. Thus, the issue is not exhaustion of remedies, but jurisdiction.

All of Reiff's causes of action are predicated upon her allegation that the School Board acted illegally in discharging her. This is the very purpose for which SDCL 13-46-1 was enacted—to provide judicial review of the legality of school board decisions. In fact, SDCL 13-46-1 is part and parcel of Reiff's due process rights and guarantees. Thus, as the trial court states: "The deprivation here did not occur because of some established state procedure;

it did not occur because of a failure of the state to provide [Reiff] with a post deprivation remedy and it did not occur because said post deprivation remedy was inadequate ... The deprivation if any, occurred because [Reiff] failed to exercise her right to appeal under SDCL 13–46–1." Instead Reiff sought to directly invoke the jurisdiction of the circuit court by commencing an ordinary civil action. The fact of the matter remains though, that when an appeal is not timely under SDCL 13–46–1, a circuit court has no jurisdiction to adjudicate the legality of a school board decision. In this instance, the circuit court had no jurisdiction to hear the matter under breach of contract theories, deprivation of civil rights theories or tort theories and properly granted judgment in favor of the School Board.

The judgment of the circuit court is affirmed.

WUEST, C.J., and HENDERSON, SABERS and MILLER, JJ., concur.

GERKEN, Circuit Judge, for MORGAN, J., disqualified.