DRYDEN v MARCELLUS COMMUNITY SCHOOLS BOARD OF
EDUCATION

Docket No. 59365. Decided August 29, 1977. On application by defend-
ants for leave to appeal the Supreme Court, in lieu of granting
leave to appeal, reversed the decision of the Court of Appeals.
Rehearing denied *post,* p 955.

Robert Dryden, who had been employed as a probationary
teacher, brought an action for a writ of mandamus to compel
the Marcellus Community Schools Board of Education to offer
him employment as a tenured teacher. Plaintiff challenges his
dismissal by the school board because the school board held a
private executive session during which it discussed his employ-
ment record and his future employment status before voting in
public session not to offer him further employment as a ten-
ured teacher. The Cass Circuit Court, James E. Hoff, J., denied
relief, but the Court of Appeals, M. F. Cavanagh and D. T.
Anderson, JJ. (Bashara, P. J., dissenting), reversed (Docket No.
26125). Defendants apply for leave to appeal. *Held:*

The School Code of 1955 specifically authorized a school
board to hold executive sessions but provided that no final
action shall be taken at any executive session. "Final action"
embraces the decision to terminate a teacher's employment,
but does not require public announcement of a statement of
reasons. The steps taken by the school board complied with the
School Code of 1955 and the teacher tenure act. The decision of
the Court of Appeals is reversed and the judgment of the
circuit court reinstated.

73 Mich App 40; 250 NW2d 782 (1976) reversed.

*Foster, Swift & Collins, P. C. (by Arthur R.
Przybylowicz),* for plaintiff.

*Thrun, Maatsch & Nordberg (by Thomas J.
Nordberg and Harry J. Zeliff)* for defendants.

PER CURIAM. Plaintiff sought a writ of manda-
mus in Cass Circuit Court to compel defendants to
offer him employment as a full-time tenure

teacher for the 1975–76 school year. After a show-cause hearing, the trial court denied relief. The Court of Appeals, over the dissent of Judge BASHARA, reversed. 73 Mich App 40; 250 NW2d 782 (1976). We believe the trial court ruled correctly.

Defendants employed plaintiff as a probationary teacher for the 1973–74 and 1974–75 school years. Defendant board of education on March 24, 1975 held a private executive session during which it discussed plaintiff's employment record and his future employment status. Immediately following this executive session, the board met in public session and, as reflected by the minutes of the March 24 meeting, voted not to offer plaintiff further employment:

"Moved by Varetta Powers, supported by Richard Schug, that the following teacher be released at the end of the school year. Robert Dryden. All ayes, motion carried."

The superintendent of schools delivered on March 26, 1975 a letter to plaintiff notifying him of the board's March 24 action and detailing the reasons for its refusal to offer him further employment.

The teachers' tenure act, MCLA 38.83; MSA 15.1983, requires that at least 60 days before the close of the school year a probationary teacher must be informed that his or her work is not satisfactory and that the teacher will not be re-hired:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive

evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."

Plaintiff admits that he received written notice of the pending dismissal. His complaint is that since the board did not announce its action and its reasons, its action was not taken publicly, as required by the School Code of 1955, MCLA 340.561; MSA 15.3561:*

"All business which the board of any district is authorized to perform shall be done at a public meeting of the board and no act shall be valid unless voted at a meeting of the board by a majority vote of the members elect of the board and a proper record made of the vote. A meeting in which all members are present, with or without proper notice, shall be considered a legal meeting for the transaction of business. Meetings of the board shall be public meetings and no person shall be excluded therefrom. *The board may hold executive sessions, but no final action shall be taken at any executive session.* The minutes of all board meetings must be signed by the secretary. In the absence of the secretary in any meeting, the president shall appoint a temporary secretary who shall sign the minutes of the meeting. In the absence of the president, the other members present shall elect a temporary president." (Emphasis added.)

The statute specifically authorizes a school board to hold executive sessions, but provides that "no final action shall be taken at any executive session". The language "final action" embraces the decision to terminate the teacher's employment. "Final action" does not, we feel, also require pub-

* Repealed by 1976 PA 451, The School Code of 1976, effective January 1, 1977. *See* MCLA 380.1201; MSA 15.41201—REPORTER.

lic announcement of the decision or a statement of the reasons. A contrary interpretation would unduly expand the concept of "final action" and lead to a result that the Legislature cannot fairly be said to have intended. Consequently, we find that the steps taken by the board complied with both § 561 of the School Code of 1955 and art 2, § 3 of the teacher tenure act, MCLA 38.83; MSA 15.1983.

Pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we reverse the Court of Appeals and reinstate the judgment of the circuit court. No costs, a public question being involved.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.