MEMPHIS COMMUNITY SCHOOLS v HENDERSON

Docket No. 80210. Submitted November 7, 1985, at Lansing. Decided May 21, 1986.

Marion Henderson was a third grade teacher for the Memphis Community Schools (the district) during the 1969-70 and 1970-71 school years. She received a letter from the district's superintendent of schools on March 31, 1971, informing her that she would not be offered a contract for the next school year because of unsatisfactory service as a teacher during her probationary period. Following a hearing, the district's school board voted to dismiss Henderson, whereupon she sought review by the State Tenure Commission. The district failed to file a timely answer, and the tenure commission ordered that Henderson be reinstated with back pay. The district petitioned the St. Clair Circuit Court for review of the commission's decision. That court reversed the commission's order of reinstatement on the ground that the question of Henderson's right to reinstatement and back pay should be decided on the merits of the case, not on the narrow ground of the late filing of an answer by the district. Henderson appealed to the Court of Appeals. The Court of Appeals affirmed the decision of the St. Clair Circuit Court and remanded the matter to the State Tenure Commission for consideration on the merits, 57 Mich App 770 (1975). On remand, the commission determined that Henderson was not a tenured teacher and that it therefore had no jurisdiction over the matter. Henderson's petition was dismissed. She appealed to the St. Clair Circuit Court, which ruled that she was a tenured teacher and remanded the matter back to the commission once more. On remand, following a hearing, the commission determined that Henderson had not been discharged for reasonable and just cause, as required by statute, and ordered that she be reinstated with back pay. The district filed a petition for review in Ingham Circuit Court, arguing

REFERENCES

Am Jur 2d, Schools §§ 149-214.

Who is "teacher" for purposes of tenure statute. 94 ALR3d 141.

Elements and measure of damages in action by school teacher for wrongful discharge. 22 ALR3d 1047.

that Henderson was not a tenured teacher. The court, Carolyn Stell, J., refused to consider the tenure argument, ruling that the St. Clair Circuit Court's determination of that question was res judicata, and found that the commission's finding that Henderson was not discharged for just and reasonable cause was based on substantial, competent evidence and affirmed. The district appealed. *Held:*

1. The district's contention that Henderson was not tenured and that the State Tenure Commission therefore had no jurisdiction to act on Henderson's petition was preserved for appeal.

2. Henderson was entitled to employment with tenure upon completion of her second year because the notice of termination from the superintendent of schools was statutorily defective.

3. The commission's finding that Henderson was not discharged for just and reasonable cause is supported by competent, material, and substantial evidence. The order of the Ingham Circuit Court is affirmed. Henderson is to be reinstated with back pay.

Affirmed.

1. COURTS — JURISDICTION — ERROR IN EXERCISE OF JURISDICTION.

Error in the determination of questions of law or fact upon which a court's jurisdiction in a particular case depends, the court having general jurisdiction of the cause and the person, is error in the exercise of jurisdiction.

2. JUDGMENTS — JURISDICTION — ERROR IN EXERCISE OF JURISDICTION.

Judgments entered pursuant to an erroneous exercise of jurisdiction are not void, but rather are voidable.

3. JUDGMENTS — ERRONEOUS AND VOIDABLE JUDGMENTS — RELIEF FROM JUDGMENTS.

Good faith, as well as sound public policy, demands that erroneous and voidable judgments be set aside and modified in the courts in which they are rendered.

4. SCHOOLS — PROBATIONARY TEACHERS — BOARDS OF EDUCATION.

A school board must, at least sixty days before the close of the school year, provide a probationary teacher a definite written statement as to whether or not his work has been satisfactory; failure to submit such a written statement is considered as conclusive evidence that the teacher's work is satisfactory (MCL 38.83; MSA 15.1983).

5. SCHOOLS — TEACHER TENURE ACT — NOTICE OF UNSATISFACTORY WORK.

The provisions of the teacher tenure act governing the giving of

written notice of unsatisfactory work are interpreted quite literally in favor of the legislative purpose of protecting teachers' rights (MCL 38.71 *et seq.*; MSA 15.1971 *et seq.*).

6. SCHOOLS — BOARDS OF EDUCATION — PROBATIONARY TEACHERS — TERMINATION OF EMPLOYMENT.

The controlling board of education must make the decision as to whether a probationary teacher's work is satisfactory and whether the probationary teacher's services are to be discontinued (MCL 38.83; MSA 15.1983).

7. SCHOOLS — BOARDS OF EDUCATION — PROBATIONARY TEACHERS — TERMINATION OF EMPLOYMENT.

Official action at a public meeting is required for a board of education's decision not to rehire a probationary teacher to be valid and a proper record of the vote must be made (MCL 38.83; MSA 15.1983).

8. SCHOOLS — PROBATIONARY TEACHERS — TENURE — SIXTY-DAY NOTICE.

A probationary teacher who has completed the second year of probation must not only be reinstated but also must be reinstated with tenure where the controlling school board has failed to meet the statutory requirements of the sixty-day letter of dismissal notifying that teacher of its intention to dismiss her.

9. SCHOOLS — TENURED TEACHERS — STATE TENURE COMMISSION — DE NOVO REVIEW — BURDEN OF PROOF.

A tenured teacher is entitled to a de novo review by the State Tenure Commission of an adverse decision of the controlling board, with the burden of showing reasonable and just cause for discharging the tenured teacher remaining with the school district.

10. SCHOOLS — STATE TENURE COMMISSION — APPEAL.

Judicial review of appeals from the State Tenure Commission requires that the reviewing court determine whether the decision of the commission is supported by competent, material, and substantial evidence on the whole record and that the decision is not contrary to law (Const 1963, art 6, § 28; MCL 24.306; MSA 3.560[206]).

*James L. Delaney,* for petitioner.

*Hiller, Larky & Hoekenga, P.C.* (by *Daniel J.*

*Hoekenga* and *Marc M. Susselman*), for respondent.

Before: D. F. WALSH, P.J., and MACKENZIE and R. R. FERGUSON,* JJ.

R. R. FERGUSON, J. Petitioner appeals as of right from an order of the Ingham Circuit Court affirming a decision of the State Tenure Commission (the commission) finding that respondent, a teacher, was not discharged by petitioner for reasonable and just cause. By affirming that order, we put to rest fourteen years of litigation. Unfortunately, we find that a synopsis of the fourteen-year procedural history of this case is required.

Respondent was employed by petitioner during the 1969-70 and 1970-71 school years as a third grade teacher. On March 31, 1971, respondent received a letter from the district's superintendent of schools informing her that she would not be offered a contract for the next school year, based on her unsatisfactory service as a teacher during her probationary period. Respondent requested a hearing before the school board, which was denied. Respondent then filed a petition for review by the commission on May 27, 1971. That hearing was adjourned after petitioner stipulated to give respondent a hearing as if she were tenured. Petitioner eventually filed twelve written charges against respondent.

A hearing before the school board was held on August 26, 1971. On September 13, 1971, petitioner's school board voted to dismiss respondent. Respondent petitioned for review by the commission. Because petitioner failed to file a timely answer, the commission ordered that respondent be reinstated. The St. Clair Circuit Court reversed that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

order on August 24, 1973. This Court affirmed the decision of the St. Clair Circuit Court on appeal and remanded to the commission for consideration on the merits. *Henderson v Memphis Community School Dist,* 57 Mich App 770; 226 NW2d 725, lv den 394 Mich 763 (1975).

On remand, the commission determined that respondent was not a tenured teacher and, thus, that it had no jurisdiction. Respondent's petition was dismissed. Respondent appealed to the St. Clair Circuit Court, which ruled that respondent was a tenured teacher.

On remand, following a hearing, the commission determined that respondent had not been discharged for reasonable and just cause, as required by statute,[1] and ordered that she be reinstated with back pay.

On appeal, the Ingham Circuit Court refused to hear arguments on the merit of petitioner's argument that respondent was not tenured, finding that the St. Clair Circuit Court's determination of that question was res judicata. The Ingham Circuit Court found the commission's finding that respondent was not discharged for just and reasonable cause to be based on substantial, competent evidence and affirmed.

Other facts will be related where relevant to the issues addressed herein.

I

On appeal, petitioner contends that respondent was not tenured and that the commission thus had no jurisdiction to act on respondent's petition. Petitioner further contends that the commission's determination is not supported by the evidence.

---

[1] MCL 38.101; MSA 15.2001.

II

Respondent claims that petitioner's failure to directly appeal the St. Clair Circuit Court's determination that the commission had jurisdiction over respondent's claim precludes review of that issue here, after a remand to the commission and a hearing on the merits. We agree that the alleged error in assuming jurisdiction here was one which must be preserved for appeal, but disagree with respondent's contention that petitioner has failed to preserve this issue.

Error in the determination of questions of law or fact upon which the court's jurisdiction in a particular case depends, the court having general jurisdiction of the cause and the person, is error in the exercise of jurisdiction. *Jackson City Bank & Trust Co v Fredrick,* 271 Mich 538; 260 NW 908 (1935). Because respondent's petition for review to the circuit court alleged facts which would give the commission jurisdiction, any error in finding jurisdiction was error in the exercise of jurisdiction.

Judgments entered pursuant to an erroneous exercise of jurisdiction are not void, but rather are voidable. *Jackson City Bank & Trust Co, supra,* pp 545-546. "Good faith, as well as sound public policy, demands that erroneous and voidable judgments be set aside and modified in the courts in which they are rendered." *Id.*

Petitioner preserved this issue for appeal by contesting the commission's jurisdiction before the commission and St. Clair and Ingham Circuit Courts. This is not a case in which an appellant has submitted to a lower court's jurisdiction without contest and then contests that jurisdiction for the first time on appeal to this Court. Cf. *Jackson City Bank & Trust, supra; In re Adrianson,* 105 Mich App 300, 307-311; 306 NW2d 487 (1981).

We reject respondent's contention that an attempted appeal to this Court from the St. Clair Circuit Court was required to preserve this issue for appeal. Thus, this Court must determine if the commission had jurisdiction to determine respondent's claim.

III

The teacher tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.,* protects from arbitrary discharge teachers who have completed a probationary period with a school district. At issue here is whether respondent satisfactorily completed a probationary period.

The act defines "teacher" as including "all certificated persons employed for a full school year by any board of education or controlling board of any public educational institution." MCL 38.71; MSA 15.1971. A person is certificated if he holds a Michigan certificate valid for the position to which he is assigned, with certain exceptions not applicable here. 1979 AC, R 390.661.

"All teachers during the first two school years of employment shall be deemed to be in a period of probation . . . ." MCL 38.81; MSA 15.1981. "No teacher shall be required to serve more than one probationary period in any one school district . . . ." MCL 38.82; MSA 15.1982. "If a teacher on continuing tenure is employed by another controlling board, he shall not be subject to another probationary period for more than 1 year beginning with the date of employment." MCL 38.92; MSA 15.1992.

"At least 60 days before the close of each school year, the controlling board [must] provide the probationary teacher with a definite written statement as to whether or not his work has been

satisfactory. Failure to submit a written statement [is] considered as conclusive evidence that the teacher's work is satisfactory." MCL 38.83; MSA 15.1983.

The St. Clair Circuit Court gave three reasons for holding that the commission had jurisdiction: (1) petitioner was estopped from denying respondent's tenure status after proceeding before the commission as if respondent had tenure; (2) respondent acquired tenure by her previous employment in the Yale School District and satisfactory completion of a one-year probation period with petitioner; and (3) respondent acquired tenure by completing two years of probation with petitioner, the notice of unsatisfactory performance by the superintendent of schools being statutorily defective.

We agree with the trial court on the third ground.[2] The record before the St. Clair Circuit Court was devoid of a record of the vote of petitioner's board terminating respondent's employment.

The provisions of the act governing the giving of written notice of unsatisfactory work are interpreted quite literally in favor of the legislative

---

[2] It is clear that a court cannot obtain jurisdiction solely by estoppel. *Bandfield v Wood*, 104 Mich App 279, 282; 304 NW2d 551 (1981).

With regard to the trial court's second ground for finding that respondent was a tenured teacher, the following facts are relevant: (1) in 1965-66, respondent taught sixth grade in Yale, holding a valid elementary teaching certificate; (2) in 1966-67, respondent taught sixth grade in Yale but had only a secondary teaching certificate; (3) in 1967-68, respondent taught sixth grade and one eighth grade math class in Yale, but had no certificate for elementary grades until February 28, 1968; this provisional certificate expired on June 30, 1972; (4) in 1968-69, respondent taught in Brown City; and (5) in 1969-70 and 1970-71, respondent taught third grade for petitioner. We express no opinion on whether a combination of any two of the above years of teaching, combined with respondent's first year with petitioner, would entitle her to tenure for purposes of her employment with petitioner.

purpose of protecting teachers' rights. *Weckerly v Mona Shores Bd of Ed,* 388 Mich 731, 734; 202 NW2d 777 (1972).

MCL 38.83; MSA 15.1983 governs notice to a probationary teacher. The controlling board must give the statutory notice, although the mechanical aspects of giving notice may be carried out by administrative personnel. The controlling board must make the decision as to whether a probationary teacher's work is satisfactory and whether the probationary teacher's services are to be discontinued. Official action at a public meeting is required for the decision to be valid and a proper record of the vote must be made. *Fucinari v Dearborn Bd of Ed,* 32 Mich App 108, 112-113; 188 NW2d 229 (1971) (citing MCL 340.561; MSA 15.3561),[3] see also *Dryden v Marcellus Community Schools Bd of Ed,* 401 Mich 76; 257 NW2d 79 (1977) (construing in conjunction both MCL 340.561; MSA 15.3561 and MCL 38.83; MSA 15.1983).

Because the minutes of the meeting in which the board allegedly terminated repondent's employment did not evidence the board's vote to terminate, we must conclude that the notice from the superintendent of schools was statutorily defective. Specifically, the notice was not supported by the required action of the board. As such, respondent was entitled to employment with tenure upon completion of her second year. MCL 38.83; MSA 15.1983; *Munro v Elk Rapids Schools,* 385 Mich 618; 189 NW2d 224 (1971).

IV

Finally, we must address petitioner's claim that the commission's finding that respondent was not

---

[3] Repealed by 1976 PA 451, the School Code of 1976, effective January 1, 1977. See MCL 380.1201; MSA 15.41201.

discharged for just and reasonable cause is not supported by the evidence.

On appeal to the commission from an adverse decision of a controlling board, a tenured teacher is entitled to de novo review of all questions of fact and questions of law decided by the controlling board. The school district has the burden of showing reasonable and just cause for discharging the tenured teacher before both the controlling board and the commission. *Comstock Public Schools v Wildfong,* 92 Mich App 279, 283-285; 284 NW2d 527 (1979).

On appeal from decisions of the commission, reviewing courts must determine whether the decision was supported by competent, material and substantial evidence on the whole record. *Beebee v Haslett Public Schools (After Remand),* 406 Mich 224, 231; 278 NW2d 37 (1970). Of course, the commission's decision must not be contrary to law. Const 1963, art 6, § 28; MCL 24.306; MSA 3.560(206).

MCL 38.101; MSA 15.2001 provides that "[d]ischarge or demotion of a teacher on continuing tenure may be made only for reasonable and just cause . . . ."

In the instant case, twelve written charges were filed against respondent. The commission found that petitioner had offered insufficient evidence on five charges; the commission found that in the case of three of these charges respondent was never warned that her conduct was unacceptable. The commission could not find that the incidents giving rise to those three charges, dealing with tardiness, tidiness, failure to follow proper channels of communication, and failure to follow proper requisition procedures, represented "either wilful or persistent disobedience." With regard to charge two, that respondent often appeared in inappropriate

attire, the commission found no standard dress code by which to judge respondent. The commission's findings were supported by the evidence and we agree that wilful or persistent disobedience with knowledge of the board's rules is required to constitute "just cause" when charges of the aforementioned nature are brought.

Petitioner offered no evidence whatsoever to support two of the charges. With regard to charge seven, which alleged that respondent entered a boys' locker room, the commission found respondent's version of events more credible and not indicative of misconduct.

The commission found two allegations, contained among numerous others in charges eight and ten, to be supported by the evidence. Specifically, the police once arrived at school to take respondent in for a speeding ticket and respondent once sent a student home during school hours without first determining that someone would be there when the child arrived.

With regard to the last charge, twelve, the commission assigned little probative value to the elementary principal's reasons for giving respondent a performance score of three, based on a scale of one to five, based on classroom observation.

Given the innocuous and vague nature of the testimony offered in support of respondent's discharge, we cannot say that the commission's determination was not supported by competent, material and substantial evidence or that it was contrary to law.

The commission having jurisdiction to hear respondent's petition and having properly determined that respondent was not discharged for just cause, the order of the Ingham Circuit Court is affirmed.

Affirmed.