#26471-a-SLZ

**2013 S.D. 39**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

SHEILA HUTH,                                    Plaintiff and Appellant,

    v.

BERESFORD SCHOOL DISTRICT #61-2
and BOARD OF EDUCATION,                         Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
UNION COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE GLEN W. ENG
Judge

* * * *

ANNE PLOOSTER of
South Dakota Education Association
Pierre, South Dakota                            Attorney for plaintiff
                                                and appellant.


THOMAS H. FRIEBERG of
Frieberg, Nelson & Ask, LLP
Beresford, South Dakota                         Attorneys for defendants
                                                and appellees.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 22, 2013

OPINION FILED **05/29/13**

#26471

ZINTER, Justice

[¶1.] Sheila Huth taught fifth grade in the Beresford School District. In the spring of 2011, the Beresford Board of Education voted not to renew her teaching contract for the upcoming school year as a part of a reduction-in-force (RIF). Huth appealed to the circuit court, which affirmed. We affirm because we conclude that the policy for reductions in force was governed by a 2010-2011 Negotiated Agreement (2010-2011 Agreement) and the policy was correctly applied.

*Facts and Procedural History*

[¶2.] Huth was a continuing contract, fifth-grade teacher and girls' basketball coach in the Beresford School District. During the spring of 2010, Huth received notice that her contract was not being renewed for cause. She challenged the Board's decision not to renew her contract. She also filed a grievance criticizing Superintendent Brian Field's handling of parental complaints related to her coaching. Ultimately, in conjunction with a stipulated agreement, Huth resigned from her coaching contract but retained her teaching contract for the upcoming 2010-2011 school year.

[¶3.] In March 2011, Field notified the Beresford Education Association (BEA) and Huth that significant budget cuts would be necessary to meet monetary shortfalls for the upcoming school year. In order to reduce the budget, Field suggested several staff reductions, including the elimination of Huth's fifth-grade teaching position. To accommodate the reduction of Huth's position, the fifth-grade class would be reduced from three sections to two. Field indicated that it was more important to maintain the smaller, three-section class sizes in the lower grades.

-1-

[¶4.]        Field afforded both BEA and Huth the opportunity to suggest alternatives to the proposed cuts. BEA and Huth suggested the reduction of educational programs and reshuffling teaching positions based on an upcoming resignation.[1] Field rejected the proposed alternatives. He indicated that the remaining educational programs were important and he expressed concerns regarding shuffling teaching positions.[2]

[¶5.]        Field maintained his recommendation that Huth's position be eliminated. Field suggested eliminating Huth's position instead of two other fifth-grade teachers, Mrs. Carlson and Mr. Ebert. Field reasoned that: Carlson and Ebert had more endorsements than Huth; they were deemed by the administration to be better suited to meet the needs of the District; and they were deemed better suited to develop and advance programs, including extracurricular activities.

[¶6.]        Per Field's recommendation, the Board of Education voted not to renew Huth's teaching contract for the 2011-2012 school year. The Board followed a staff reduction policy in the 2010-2011 Agreement between BEA and the District.

[¶7.]        Huth appealed to the circuit court. She argued that the Board utilized the wrong RIF policy in not renewing her contract. Huth contended that the 2010-2011 Agreement contained an updated RIF policy that had not been properly

---

1.    Huth recommended cutting: "[l]ess experienced teachers, Art, Music, PE, Behavior Assistants, and Guidance Counselors[.]" Huth also suggested shuffling staff based on "individuals who ha[d] intentions to resign[.]"

2.    Field noted that he had spoken with the high school biology teacher who indicated that she would likely resign before the end of the school year. However, Field did not want to shuffle positions to accommodate this opening because that would require a teacher with a non-science major to take over the biology position.

negotiated. Huth contended that a RIF policy relied upon by the District in 2006 (2006 RIF policy) should apply. Under the 2006 RIF policy, the Board would have been required to terminate teachers without continuing contract status before Huth's contract was not renewed. The circuit court affirmed the Board's decision. Huth appeals.

*Decision*

[¶8.]    An appeal from a school board's decision "may be taken to the circuit court . . . within ninety days after the rendering of such decision." SDCL 13-46-1. "A proceeding in circuit court on an appeal pursuant to SDCL 13-46-1 is a trial de novo." *Scheller v. Faulkton Area Sch. Dist. No. 24-3*, 2007 S.D. 42, ¶ 5, 731 N.W.2d 914, 915. However, "[t]he appeal to the circuit court is not a trial de novo in the true sense of the phrase[.]" *Id.* The trial de novo under this statute "has the limited function of receiving evidence for the sole purpose of determining the legality, and not the propriety, of the school board's decision." *Id.*

*Governing Policy*

[¶9.]    Huth first argues that the Board erroneously utilized the RIF policy that was in the 2010-2011 Agreement. Huth contends that the Board should have applied the 2006 RIF policy instead.

[¶10.]    "Trade agreements or collective bargaining agreements are contracts under South Dakota law." *Hanson v. Vermillion Sch. Dist. No. 13-1*, 2007 S.D. 9, ¶ 27, 727 N.W.2d 459, 467. "Contracts negotiated between teachers and public school districts are like any other collective bargaining agreement." *Id.* ¶ 27, 727 N.W.2d

at 468. "Disputes over collective bargaining agreements negotiated between school districts and teachers are settled by application of general contract principles." *Id.*

[¶11.] The 2010-2011 Agreement was adopted by BEA and the Board on October 18, 2010. Page twenty-two of that Agreement sets forth the "Staff Reduction Policy." Page thirty-two reflects that the Agreement was signed by two BEA negotiators on October 14, 2010. The text of the Agreement directly above those signatures provides: "This agreement shall be the accepted guide and policy for the BEA and the Board of Education and these agreements shall take precedence and priority over all other policies and regulations made by the Board."

[¶12.] Notwithstanding the foregoing language, Huth argues that the RIF policy contained in the 2010-2011 Agreement did not apply because that policy was not properly negotiated. Huth contends that the 2006 RIF policy was in effect when her teaching position was eliminated.[3] Huth relies on the affidavit of BEA negotiator Deb Bonte. Bonte indicated that she was "not aware of [BEA] and the . . . District formally negotiating the [2010-2011 RIF] policy since it was originally negotiated between the . . . District and the [BEA]."[4] However, Bonte's "non-awareness" of "formal negotiation" on the 2010-2011 RIF policy is irrelevant because that policy is clearly contained in the 2010-2011 Agreement. The

---

3. The District conceded that: "[i]f the 2006 version of the staff reduction policy had been a part of the 2010-2011 Negotiated Agreement, Huth clearly would have been entitled to be retained since she had attained continuing contract status with the District and Mr. Ebert had not."

4. Bonte also noted that the last "negotiated" RIF policy, which was relied upon by the District in 2006, was contained within the 1992-1993 negotiated agreement between BEA and the District.

signatures and date of the 2010-2011 Agreement are not disputed, and the RIF policy in the 2010-2011 Agreement is unambiguous. That agreement provides that it "shall take precedence and priority over all other policies[.]" The RIF policy in the 2010-2011 Agreement governed Huth's termination.[5]

*Application of the 2010-2011 RIF Policy*

[¶13.]    Huth argues that the Board improperly applied the 2010-2011 RIF policy. "[G]reat deference is given to the good faith determinations of school boards on decisions of whether to renew a teacher's contract." *Scheller*, 2007 S.D. 42, ¶ 5, 731 N.W.2d at 915. Accordingly, we consider "the legality, and not the propriety, of the school board's decision." *Id.* "The determination of legality is a two-pronged process: (1) whether the School Board acted legally, and (2) whether the School Board's decision was arbitrary, capricious or an abuse of discretion." *Id.* ¶ 5, 731 N.W.2d at 915-16. In assessing the first prong, we consider whether the proper procedural requirements were followed. *Blondo v. Bristol Sch. Dist. # 18-1*, 2007 S.D. 8, ¶ 11, 727 N.W.2d 306, 309 (stating that the first prong of the legality determination requires a review of "the procedural regularity of the decision").

---

5.    BEA filed a grievance with the Department of Labor and Regulation, arguing that the District committed an unfair labor practice in using the 2010-2011 RIF policy. BEA raised the same argument that is raised here; i.e., that the 2010-2011 RIF policy was not negotiated. Both an administrative law judge and the Sixth Judicial Circuit Court (on appeal) concluded that the 2010-2011 Agreement and RIF policy were negotiated, that the 2010-2011 RIF policy applied to Huth, and that no unfair labor practice was committed. *Beresford Educ. Ass'n v. Beresford Sch. Dist. and Bd. of Educ.*, Civ. No. 12-350, memorandum op. (6th Cir. S.D. Dec. 26, 2012). We take judicial notice that BEA did not appeal the Sixth Judicial Circuit Court's decision.

[¶14.]     Because Huth does not argue that the proper procedural requirements were not followed, we address the second test: whether the Board's decision to terminate Huth's position "was arbitrary, capricious or an abuse of discretion." *See Scheller*, 2007 S.D. 42, ¶ 5, 731 N.W.2d at 916. "An arbitrary or capricious decision is one that 'is: based on personal, selfish, or fraudulent motives, or on false information, and is characterized by a lack of relevant and competent evidence to support the action taken.'" *Hicks v. Gayville-Volin Sch. Dist.*, 2003 S.D. 92, ¶ 11, 668 N.W.2d 69, 73 (quoting *Coyote Flats, L.L.C. v. Sanborn Cnty. Comm'n*, 1999 S.D. 87, ¶ 14, 596 N.W.2d 347, 351). "An abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence." *Id.*

[¶15.]     Huth argues that the Board's decision was retaliatory and based on the grievance she filed during the 2009-2010 school year. However, there is no evidence demonstrating a connection between the grievance Huth filed in the spring of 2010 and the determination not to renew her contract in the spring of 2011. Further, the issue in Huth's grievance related to her coaching position from which she had resigned. Although Huth testified that she had a "feeling" the elimination of her position was because of the previously filed grievance, the record is insufficient to find that the Board's decision was based on retaliation for the earlier grievance.

[¶16.]     Huth also argues that the Board failed to properly apply the 2010-2011 RIF policy. The record does not support her argument. The 2010-2011 RIF policy provided that the following criteria would be utilized in assessing staff reductions: "student needs and program priorities, administrative staff recommendations based

upon evaluation records, certification and education qualifications and competency, seniority (total service time rendered to the school district), and state and federal requirements." Superintendent Field testified that he based his staff reduction recommendations on student needs and program activities. He also testified that the other fifth-grade teachers had more teaching endorsements and were more involved in extracurricular activities. Field acknowledged that Huth had been teaching in the District longer than Ebert, but explained that the other factors, which required him to consider the needs of the students and the District, weighed more heavily in favor of not renewing Huth's teaching position. The record does not support Huth's contention that the Board's decision to eliminate her position was arbitrary, capricious, or an abuse of discretion.

[¶17.]    Affirmed.

[¶18.]    GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.